# Kutz et al. *v.* General Baking Company, Appellant.

*Negligence—Automobile—Truck—Collision at a street intersection—Contributory Negligence—Duty of driver approaching intersection from left—Act of June 30, 1919, P. L. 678.*

In an action of trespass to recover damages resulting from a collision between two automobiles at a street intersection, it appeared that the cars arrived at the intersection at practically the same time; that the plaintiff approached from the left; and that he did not see the defendant's truck, which must have been clearly visible, until the contact of the two cars. Under such circumstances, the defendant was entitled to binding instructions.

The driver at the left has an affirmative duty in approaching a crossing against intersecting traffic, and unless the car at the right is so far away that the driver at the left, in the exercise of

298    KUTZ et al. *v.* GEN. BAKING CO., Appellant.

reasonable care and prudence, would have been justified in believing that he could pass over the intersection ahead of the other car without danger of a collision, it is his duty to retard the speed of his car, or to stop if necessary, to permit the car at the right to pass.

Argued October 19, 1925. Appeals Nos. 162 and 163, October T., 1925, by defendant, from judgments of C. P. No. 2 Philadelphia County, September T., 1924, No. 4770, in the case of Catherine E. Kutz and Robert R. Kutz v. General Baking Company, Inc. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover for personal injuries. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdicts for the plaintiffs in the sums of $3,000 and $1,000 for the wife and husband respectively. Subsequently a remittitur was directed for all of the verdict to the wife in excess of $2,000 and judgments entered on the verdicts as reduced. Defendants appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Layton M. Schoch,* for appellant.

*Daniel G. Murphy* of *Murphy & Levy,* for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

The plaintiffs recovered judgments against the defendant for damages resulting from a collision between an Oakland sedan driven by Mrs. Kutz and a truck driven by an employee of the defendant. Mrs. Kutz was driving southwardly on the right hand side of 65th street; the truck was moving eastwardly on the

south side of Woodland avenue. The collision occurred between two and three o'clock on September 29th. Sixty-fifth street is forty feet wide between the curbs at Woodland avenue, and Woodland avenue is forty-four feet wide from curb to curb. There was no traffic on the street interfering with the movement of the colliding vehicles. From the plaintiffs' car there was a view for two blocks westwardly on Woodland avenue, and the driver of the truck had of course a like view towards 65th street. The negligence charged against the defendant was the excessive speed of the truck. On that point the evidence for the plaintiffs was that of a son fifteen years of age who was riding with his mother in the sedan. He testified that he saw the truck coming eastwardly on Woodland avenue about one hundred and twenty-five feet away when the car in which he was riding was at the corner of Woodland avenue and 65th street, and that it was going about thirty miles an hour. Another witness for the plaintiffs, a police officer, said he thought the truck was moving about twenty miles an hour. Mrs. Kutz said she was driving about fifteen miles an hour. It is evident from the plaintiffs' testimony that the sedan and the truck came together at the lines of crossing at the same time. Mrs. Kutz testified that the first time she saw the truck was when "he just came right in on me" that the driver of the truck did not blow a horn "or I would have heard it. I would have looked and stopped." It is evident that she was not giving attention to the eastward traffic on Woodland avenue and that the collision came as a surprise to her. She said "it seemed as though this truck came up out of the earth in front of me and jammed into the right hand side of the front of my car." The truck was moving at her right toward the path of her car at the place where the paths of the two vehicles crossed and the truck therefore had the right of way. The Act of June 30, 1919, P. L. 678, provides that when two vehicles approach the intersection

300 KUTZ et al. *v.* GEN. BAKING CO., Appellant.

of two public highways at the same time, the vehicle approaching from the right shall have the right of way. This statute was thus construed in Weber v. Greenebaum, 270 Pa. 385: ''Where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision.'' Where cars arrive at the intersection at practically the same time, the driver approaching from the left is required to have his car under such control that it can be promptly stopped if necessary to avoid contact with a car crossing his line of travel, and he cannot take the chance of crossing in front of a car at his right unless it is reasonably clear that his path is open. The statute was intended to regulate traffic at crossings in a practical way and to prevent a race for the first place. In all cases it is the duty of the driver of a vehicle to observe the approach of other cars on an intersecting path and to exercise due diligence to avoid collision. It is not sufficient to rely on the probability or assumption that the driver of a car on the intersecting way will perform his full duty with respect to care. We have here the admission of the driver of the plaintiffs' car that she did not see the truck until the contact of the two cars. Her reason for not looking seems to have been that she did not hear the horn blown. The evidence shows clearly that the front of the truck and the front of the car were at the crossing at practically the same time. The evidence in behalf of the plaintiffs is that a piece of the tire on the right front wheel of the sedan was torn off from which it was inferred that some part of the front of the truck struck the front right wheel of the sedan. Mrs. Kutz testified on that subject:

''Q. What part of the truck was in contact with what part of your car?

''A. Well, he hit the right front of my car.

"Q.  What do you mean the right front of what?

"A.  Evidently the wheels, because they tore a piece out of the tire."

The truck and sedan were carried along together on Woodland avenue for ten or fifteen feet before they were stopped.  A police officer who was present and who was called for the plaintiffs testified that he saw the front of the sedan fast to some part of the truck about two feet back of the middle of the truck.  The whole evidence shows clearly that there was such lack of care on the part of the driver of the plaintiffs' car as prevents a recovery.  The driver at the left has an affirmative duty in approaching a crossing against intersecting traffic, and unless the car at the right is so far away that the driver at the left in the exercise of reasonable care and prudence would have been justified in believing that he could pass over the intersection ahead of the other car without danger of a collision, it is the duty of such driver at the left to retard the speed of his car or to stop if necessary to permit the car at the right to pass.  The rule in Weber v. Greenebaum, supra, was applied in Speier v. Messersmith and in Wiebe v. Powers in the Superior Court in opinions not yet reported.  The application of the statute and the construction applied to it in the cases cited requires a reversal of the judgments in the present case.  Conceding that the driver of the defendant's truck was going at an unwarranted speed, the plaintiffs' driver was not thereby relieved from the exercise of a high degree of care, including attention to the view which she had for a distance of two blocks westwardly on Woodland avenue.  If she had seen the truck, she doubtless would have stopped or slackened her speed, but having failed to see what must have been clearly visible, she unfortunately sustained the injury of which the plaintiffs complain.  Much as that is to be regretted, we regard it as highly important that the

law with respect to the duty of drivers at highway crossings should be strictly enforced. The defendant was entitled to binding instructions and the rule for judgment non obstante veredicto should have been made absolute.

The rule is therefore reinstated and judgment is now entered for the defendant non obstante veredicto.