## Alperdt et ux., Appellants, v. Paige.

*Negligence — Automobiles — Intersection of streets—Duties of drivers—Contributory negligence—Nonsuit—Wife as passenger—Passenger—Question for court or jury.*

1. A driver of an automobile reaching a street intersection is not bound to wait until another car coming at a right angle has gone by, if there appears to be ample opportunity to cross ahead, but if such driver sees a second car approaching having the right of way, and it appears that he must have known that he could not cross in advance, but attempts to do so, and to avert an imminent collision swerves his car around, and thus causes an accident to himself and wife, he is guilty of contributory negligence, and cannot recover from the other driver for the injuries sustained.

2. In such case if the wife of the driver of the first car is sitting beside him and sees all that he sees, but permits him without protest to drive the car ahead in violation of the legislative rules of the road, she is guilty of contributory negligence and cannot recover for her injuries.

3. When the evidence leaves in doubt the ability of a guest to appreciate a threatened danger, or the taking of reasonable precautions to prevent harm, the question is one for the jury; but if the facts show without dispute want of care under the circumstances, a nonsuit is properly entered.

*Negligence—Automobiles—Intersection—Duty of drivers.*

4. Even if a driver has the right of way because he first reaches the crossing, he is bound to use reasonable care under the circumstances to avoid a collision.

5. Where two cars approach a crossing practically at the same time, the driver who has not the right of way is bound to permit

the other to pass before him, unless he himself is so far in advance as to afford reasonable time to clear the crossing and thus in all probability avoid a collision.

Argued December 7, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 305 and 306, Jan. T., 1927, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1924, No. 4140, refusing to take off nonsuit, in case of Benjamin H. Alperdt and Rose Alperdt v. Louis Paige. Affirmed.

Trespass for personal injuries. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned,* inter alia, was order, quoting record.

*Joseph H. Lieberman,* with him *Golder & Felger,* for appellants.—The case was for the jury: Wiebe v. Powers, 86 Pa. Superior Ct. 389; Speier v. Messersmith, 85 Pa. Superior Ct. 233; Bollinger v. Greenaway, 83 Pa. Superior Ct. 217; Simon v. Lit Bros., 264 Pa. 121; McClung v. Cab Co., 252 Pa. 478; Wagner v. Transit Co., 252 Pa. 354; Kulp v. Telephone Co., 81 Pa. Superior Ct. 296.

The question of contributory negligence of plaintiff's wife was for the jury: Emmelt v. Transit Co., 89 Pa. Superior Ct. 417; Nutt v. R. R., 281 Pa. 372; Beck v. R. R., 268 Pa. 571; Azinger v. R. R., 262 Pa. 242; Vocca v. R. R., 259 Pa. 42.

*Benjamin O. Frick,* for appellee.—The nonsuit was proper: Frank v. Pleet, 87 Pa. Superior Ct. 494; Mehler v. Doyle, 271 Pa. 492; Kutz v. Baking Co., 87 Pa. Superior Ct. 297; Davis v. Ice Co., 285 Pa. 177; Com. v.

Wheel Co., 290 Pa. 380; Simon v. Lit Bros., 264 Pa. 121; Kilpatrick v. Transit Co., 290 Pa. 288.

Appellants argue the wife plaintiff was a guest. Under the facts of this case, we submit it makes no difference whether she was a guest or engaged in a common purpose with the driver: Dunlap v. Transit Co., 248 Pa. 130; Martin v. R. R., 265 Pa. 282; Hill v. Transit Co., 271 Pa. 232; Kilpatrick v. Transit Co., 290 Pa. 288; Morningstar v. R. R., 290 Pa. 14.

OPINION BY MR. JUSTICE SADLER, January 3, 1928:

Alperdt, one of the plaintiffs, was driving his automobile for pleasure north on Parkside Avenue in Philadelphia, being accompanied by his wife, sitting on the front seat, with five other members of his family and friends in the rear. When he approached Wynnefield Avenue, his view to the east was unobstructed, and as he slowed his machine almost to a stop on the cross street, he observed the car of Paige, the defendant, traveling down the incline in a westwardly direction. Without looking further he accelerated his speed, and attempted to pass before the approaching automobile. He successfully moved forward to a point where his rear wheels had reached the center of the highway. At this place he again looked and saw the car of defendant thirty feet away. Fearing that a sufficient clearance could not be effected, plaintiff swerved his machine to the left, increasing its momentum, with the result that it ran onto the curb on the northwest corner, striking a tree, and causing the injury complained of. The oncoming automobile did not come in contact with any part of plaintiff's car, but, seeing the imminence of a collision, Paige swerved to his left, causing the car he was driving to overturn. These actions were brought by husband and wife to recover damages for the loss due to the defendant's alleged negligence. A nonsuit was entered, which the court refused to remove, and, from the judgment entered, these appeals are taken.

The right of the driver to recover was denied on the authority of Frank v. Pleet, 87 Pa. Superior Ct. 494, where similar facts were considered, and a nonsuit entered because of the contributory negligence of plaintiffs. In the present case, Alperdt was driving on the right side of Parkside Avenue. When he came to the intersection of the cross street he saw Paige's car 80 feet away, moving forward down an incline at thirty miles an hour, or more. He practically came to a standstill at the crossing, then started to advance at 7 or 8 miles an hour, promptly increased to 12. At the time of observation he could have stopped within two feet, and when moving at the greater speed in five or six. Instead of doing so, he went forward without looking out for the automobile advancing from the east until his rear wheels were at the center, a distance of approximately 40 feet, considering the length of the machine, at which time Paige was still 30 feet distant. He then suddenly turned his automobile, causing the injury. Though not struck by defendant, who, in an effort to prevent a collision, upset his own vehicle, yet if the seeming necessity for deflecting his course was due to the negligent conduct of Paige, there could be a recovery, if plaintiff was free from contributory negligence.

Appellant contends it was for the jury to say whether he was in any manner at fault, since he had acquired superior rights by first reaching the street intersection. This fact did not relieve him from his duty to use reasonable care under the circumstances to avoid a collision, and if it appears there was a failure to exercise common prudence, the consequences must be visited upon him, though the defendant was also negligent: Mehler v. Doyle, 271 Pa. 492; Lewis v. Wood, 247 Pa. 545. Plaintiff was not bound to anticipate want of due caution on the part of defendant, yet it was his duty to avoid a collision, if possible, when he saw the danger, though the driver of the other vehicle was acting care-

lessly, and, if his conduct contributed to the accident, he cannot recover.

Prior to the Act of 1919 (June 30th, P. L. 678), the rule was that the vehicle first approaching a crossing had the right of way (Simon v. Lit Bros., 264 Pa. 121), and the legislation referred to was intended to govern the contingency of two vehicles arriving simultaneously, in which case the relative duties of the parties are defined. Paige had the right of way, as fixed by the statute, and Alperdt was bound to permit him to pass before "unless [the latter was] so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision": Weber v. Greenebaum, 270 Pa. 382. The car first reaching the street intersection is not bound to wait until another coming at a right angle has gone by, if there appears to be ample opportunity to cross ahead (Kutz v. Baking Co., 87 Pa. Superior Ct. 297), but as between two arriving practically at the same time, the one not having the legal right of way must give preference to the other: Davis v. American Ice Co., 285 Pa. 177.

When Alperdt saw Paige's automobile approaching, as he said, at more than 30 miles an hour, he must have known that he could not cross in advance. A mathematical calculation will show that if the two cars were moving at the respective rates testified to by plaintiff, Paige would have passed the crossing before Alperdt reached it, or at least arrived at the center at the same time. Instead of keeping any watch on the movement of the automobile coming toward him down the hill, he increased his momentum, and failed to look for the defendant until he had traversed 40 feet, and practically crossed its center. It follows that he contributed to the accident, either by failing to continue to observe, or by testing what was apparently an obvious danger in recklessly advancing when he knew defendant was approaching rapidly from the right. He cannot, therefore, recover, and a compulsory nonsuit was properly entered

as to him.  A different question presents itself as to the wife, who was sitting on the front seat of the car with her husband, and was injured by its striking the tree, when driven to the left across the curb at the corner.

There appears to be little dissent from the proposition that the negligence of the husband is not to be imputed to the wife, unless he is her agent in the matter in hand, or they are jointly engaged in the prosecution of a common enterprise: 20 R. C. L. 151.  This general rule has been applied where they were joint occupants of an automobile involved in an accident, as has been decided in practically all of the states where the question has been considered (see note 48 A. L. R. 1077, 1080), including our own: Azinger v. P. R. R. Co., 262 Pa. 242. To charge with contributory negligence on the ground that the party injured was engaged in a joint undertaking, something more must be shown than that the parties were riding together.  It must further appear that the passenger had some voice in the control of the vehicle, so as to make it subject to common command, as well as possession: Hoffman v. P. & L. E. R. R. Co., 278 Pa. 246; McLaughlin v. P. R. R. Co., 252 Pa. 32.  In itself the mere acceptance of an invitation to ride for pleasure does not ordinarily constitute a joint enterprise, because there is no equal right in governing the conduct of the undertaking: Barry v. Harding, 244 Mass. 588, 139 N. E. 298.  If, however, both are engaged in a common purpose, and each has the power of direction, the negligence of the driver will prevent recovery by the one accompanying him: Dunlap v. P. R. T. Co., 248 Pa. 130; Martin v. P. R. T. Co., 265 Pa. 282.

Considering the wife as a guest of her husband, while the car was engaged in conveying the family for a ride, she was under certain obligations.  In the recent case of Kilpatrick v. P. R. T. Co., 290 Pa. 288, the authorities, dealing with the responsibility of parties so situated, have been collected and analyzed by Justice KEPHART, and a repetition of the distinctions there drawn would

serve no good purpose. The rule seems well established that the guest is not ordinarily bound to the same degree of diligence as the driver of the car, but he is nevertheless not relieved from the duty to take due precautions for his own protection (Nutt v. P. R. R. Co., 281 Pa. 372; Jerko v. B. & O. R. R. Co., 275 Pa. 459), though he may assume that the driver will perform his duty: Loughrey v. P. R. R. Co., 284 Pa. 267; Davis v. American Ice Co., supra; Wachsmith v. B. & O. R. R. Co., 233 Pa. 465.

As was said, however, in Minnich v. Easton Tr. Co., 267 Pa. 200, 204: "Where dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar a recovery." So, if the guest, without objection, tacitly permits the driver to violate a rule of law, such as the duty to stop, look and listen (Martin v. P. R. T. Co., supra; Kirchbaum v. P. R. T. Co., 73 Pa. Superior Ct. 536), if he knew of the presence of a railroad crossing (Eline v. W. M. R. R. Co., 262 Pa. 33), or to disregard a legislative direction limiting speed (Wagenbauer v. Schwinn, 285 Pa. 128), or the use of a fixed side of the road (Renner v. Tone, 273 Pa. 10), he cannot recover, if injured. Of course, if it appears that the guest actually participated in the negligent act, his right of action is also lost: Morningstar v. N. E. P. R. R. Co., 290 Pa. 14; Hill v. P. R. T. Co., 271 Pa. 232.

When he is silent and makes no protest, though such is possible, he may be held guilty of contributory negligence, if the evidence shows that he was acquainted with the surroundings, and the consequent danger of the operation undertaken. What was said in Azinger v. P. R. R. Co., supra, p. 250, applies here: "Had Mrs. Azinger been familiar with the highway and known of the exist-

ence of the crossing, and failed to remonstrate when she saw her husband approach the crossing without observing the usual precautions required of him by law, or had she in ample time seen the train coming and made no protest if her husband attempted to cross in front of it, she could then be justly charged with the responsibility of her own negligence, or of having joined in testing a manifest danger by taking the chance of a collision."

When the evidence leaves in doubt the ability of the guest to appreciate a threatened danger, or the taking of reasonable precautions to prevent harm, the question is one for the jury to solve. If, however, the facts show without dispute a want of care under the circumstances, a nonsuit is properly entered. In the present case, Mrs. Alperdt was on the front seat, when the car, in which she was riding, practically stopped at the intersection. At that time, she testified to seeing the defendant's car a short distance away rapidly approaching down the incline. Notwithstanding, she permitted, without protest, the car to be driven forward in violation of the legislative rules of the road, and at no time thereafter even looked toward the oncoming auto, until the rear wheels of the machine in which she was riding were at the center of the street. Had there been ignorance of the surroundings or danger, she would be excused for not complaining, as she had ample opportunity to do, against a further movement forward, which she must have seen was necessary if danger of injury was to be avoided. Instead, she impliedly consented to the driver's proceeding, thus joining in the risk of making the crossing in advance of defendant's car, legally possessed of the right of way. The undisputed facts lead inevitably to the conclusion that she failed to exercise the care to be expected of ordinarily prudent persons, and, therefore, cannot recover.

The judgments in both cases are affirmed.