Youngo v. Rosenberger, Appellant.

Argued April 20, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*A. H. Rosenberger*, for appellant.

*Harold McCamey*, of *Dickie, Kier & McCamey*, for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

This is an action of trespass to recover for the damage done to plaintiff's truck in a collision with the truck of the defendant, at a street intersection. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The only assignment of error refers to the refusal of the court below to enter judgment in favor of the defendant notwithstanding the verdict. In dealing with this assignment we must regard the evidence and the inferences which a jury might reasonably draw therefrom in the light most favorable to the plaintiff. The evidence produced by the plaintiff, if believed, must be accepted as establishing that the plaintiff's truck was being driven by his employe westward on Climax Street, the defendant's truck was being driven northward on Beltzhoover Avenue; the streets crossed at right angles. The truck of the plaintiff approached the intersection from the right and that of the defendant was approaching it from the left. The driver of plaintiff's truck approached Beltzhoover Avenue at a speed of seven or eight miles an hour and slowed up when he reached the intersection of the streets. He looked along Beltzhoover Avenue in each direction; his view to the south, from which direction defendant's truck was approaching, was limited and he could only see Beltzhoover Avenue for a distance of about fifty feet from Climax Street in that direction, and defendant's truck was not in sight. There was an automobile on Beltzhoover Avenue approaching the in-

tersection from the north, which, if it had reached the intersection first, would have had the right of way, but there was nothing in the evidence produced by the plaintiff which would have warranted a finding that his truck had not first reached the intersection. The driver of plaintiff's truck, having thus looked in each direction on Beltzhoover Avenue, proceeded to drive across Beltzhoover Avenue. The driver of the automobile which was approaching the intersection from the north seems to have conceded the right of way to the truck of the plaintiff and stopped his automobile about the curb line on the north side of Climax Street. The evidence indicates that the truck of the defendant was being driven at an excessive speed and it was first seen by the driver of the truck of the plaintiff when he had reached the middle of Beltzhoover Avenue and he then saw the truck of the defendant at the curb line of Climax Street, and the truck of the defendant, without stopping, was driven rapidly ahead and struck the truck of the plaintiff upon the left-hand side thereof and so violently that it was carried against the automobile which was waiting on the north side of Climax Street. The plaintiff's driver having unquestionably, under the evidence produced by the plaintiff, reached the intersection first, having approached from the right, and having looked in each direction for approaching traffic on Beltzhoover Avenue and the truck of the defendant not being then in sight, was not required to anticipate and guard against the want of ordinary care in the operation of vehicles approaching the intersection from the left. This evidence was for the jury and the court could not declare as matter of law that the driver of plaintiff's truck was guilty of contributory negligence. The jury believed the testimony of plaintiff's witnesses and the court did not err in overruling defendant's motion for judgment notwithstanding the verdict: Davis v.

American Ice Co., 285 Pa. 177; Wiebe v. Powers, 86 Pa. Superior Ct. 389. The assignment of error is overruled.

The judgment is affirmed.