## Robinson, Appellant, *v.* Berger.

Argued November 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

96

*Philip A. Campbell,* with him *Victor Frey,* for appellant.—Plaintiff's motor vehicle, approaching from the right, had, under Act June 30, 1919, P. L. 678, 695, reënacted by Act June 14, 1923, P. L. 718, 748a, 748, the right of way: Weber v. Greenebaum, 270 Pa. 382; Black v. Mark, 273 Pa. 138; Davis v. Ice Co., 285 Pa. 177; Weibe v. Powers, 86 Pa. Superior Ct. 389.

The trial judge failed to charge the jury as to the degree of care which defendant was bound to exercise under the circumstances; to fail so to charge in a negligence case is error: Hayes v. R. R., 195 Pa. 184; Kelchner v. Boro., 209 Pa. 412.

*Fletcher W. Stites,* for appellee.—The defense was overwhelmingly proved. Against plaintiff's sole testimony, seven witnesses, including a stranger to all, who was in an excellent position to see, unite in saying that defendant was run into by plaintiff after she had stopped.

Where a trial judge correctly states the law in his general charge, it is not error to negative points without reading them to the jury, if the points, while correct in law, are so expressed that the jury might be misled in their application to the case, unless they were amplified and explained: Walbert v. Trexler, 156 Pa. 112; Huf-

nagle v. D. & H. Co., 227 Pa. 476; Com. v. Lewis, 222 Pa. 302.

The superior right of the one who was first at an intersection does not relieve him from his duty to use reasonable care under the circumstances to avoid a collision: Frank v. Pleet, 87 Pa. Superior Ct. 494; Wagner v. Transit Co., 252 Pa. 354; Mehler v. Doyle, 271 Pa. 492.

OPINION BY MR. JUSTICE FRAZER, January 7, 1929:

Plaintiff's action was brought to recover damages for personal injuries received when two automobiles collided, one driven by defendant, and the other in which plaintiff was a passenger. This case was tried in conjunction with an action brought by the driver of the car in which plaintiff was riding. Both cases were submitted to the jury and verdicts rendered for defendant, upon which judgments were entered. Plaintiff appealed.

The evidence and the verdict of the jury established the following facts: Defendant was driving slowly in a northerly direction along Thirty-Eighth Street in the City of Philadelphia, the thoroughfare, at the time, being in a state of disrepair and quite rough. As she approached the intersection of Thirty-Eighth Street and Haverford Avenue, at the houseline on the south side of Haverford Avenue, she sounded her horn, looked to the right, and saw plaintiff's car about three-quarters of a block distant, approaching on Haverford Avenue at an estimated speed of from thirty to forty miles an hour. Defendant slackened the speed of her car and stopped approximately two feet before reaching the south rail of the single track car-line located in the center of Haverford Avenue, leaving more than one-half of the roadway for plaintiff's car to pass on the north side of Haverford Avenue. Plaintiff's car, however, without slackening speed, proceeded down the center of the car tracks. As it reached a point in front of defendant's car, plaintiff's automobile swerved sharply to the left, with the result

that its left rear wheel collided with the front bumper of defendant's car; the contact causing plaintiff's car to deflect to the northwest corner of the intersection of the two streets and injure two pedestrians on the sidewalk, in addition to the injury received by plaintiff.

Whether plaintiff or defendant was negligent in operating the machines was a question to be determined by the jury under proper instructions. Appellant's complaints are directed to the charge of the court. The first and third assignments of error are concerned with the refusal of the learned trial judge to affirm points for charge relating to the statutory rule regulating the right of way of automobiles at street intersections. The reason stated for refusal to affirm these points was that they had been covered in the general charge, in which the court said: "There is a statutory rule which has been alluded to by the plaintiffs, that has been enacted by our legislature, which gives a right of way, when vehicles are approaching the intersection of two streets, at a crossing; where they arrive practically simultaneously, it gives the right of way to the one approaching the other one to the right. That is the technical legal right of way about the matter. But, in cases of this kind, while that has an influence, a strong influence, upon the consideration of judges of facts like this, who are passing upon the care and want of care of other persons, there is also the duty of the law of prudence, which is primary and above all things. Drivers, no matter whether they have the technical right of way, must drive as prudent men would drive, and it would be folly, and negligent, for a driver to insist upon his technical right of way when a prudent man would realize it would only bring danger upon himself and to other people. So that the real thing to be considered by you is the care or want of care of these people, having in view our statutory rule about approaching from the right. That is a factor in the case, but only one factor." This was a correct statement of the rule, and directly in line with what we said

in Alperdt v. Paige, 292 Pa. 1, to the effect that the statute does not give the driver of a car an absolute right to cross an intersecting street regardless of the fact that another car is approaching from his left. As a general rule, where two automobiles arrive at an intersection at substantially the same time, the one not having the legal right of way must give precedence to the other: Davis v. American Ice Co., 285 Pa. 177. On the other hand, where the driver of a car, although he has the technical right of way, sees that he cannot cross in advance of another car, he is bound to use due care to prevent an accident: Alperdt v. Paige, supra.

The second assignment also relates to the question of right of way. In it plaintiff complains of the refusal of a point for charge to the effect that the jury could infer from the fact that plaintiff's car was struck on the left side that plaintiff reached the intersection before defendant. Obviously such instruction would have been improper. As the learned trial judge well says in his opinion refusing a new trial: "That side could have been injured if the other car was standing still and had been standing still for a long time, and the plaintiff had brushed past it too closely." The point presented also entirely overlooks the factor of the relative speed of the two cars. There was no error in the ruling.

We have examined the remaining assignments of error, but find nothing stated tending to convict the lower court of error.

The judgment is affirmed.