## Brown *v.* Crescent Nut and Chocolate Co., Appellant.

490

Argued January 10, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Raymond A. White, Jr.,* of *Sloan, White & Sloan,* for appellant.—Where several persons in an automobile are engaged with the driver in a common employment, and a danger is patent to all of them, they are chargeable with the contributory negligence of the driver: Quinn v. Transit Co., 292 Pa. 489; Westcott v. Geiger, 92 Pa. Superior Ct. 81; Rhodes v. R. R., 298 Pa. 101; Frank v. Pleet, 87 Pa. Superior Ct. 494; Carlson v. R. R., 305 Pa. 431; Johnson v. Hetrick, 300 Pa. 225; Lamp v. R. R., 305 Pa. 520.

*J. Paul Erwin,* for appellee.—The negligence of the driver cannot be imputed to the plaintiff: Rodgers v. Saxton, 305 Pa. 479; Christian v. Gwynne, 103 Pa. Superior Ct. 539.

OPINION BY MR. JUSTICE LINN, March 20, 1933:

Defendant's truck, traveling southward on Musgrave Street, Philadelphia, collided with the car in which plaintiff was riding eastward on Johnson Street. Each street is thirty feet wide between curbs and they intersect at right angles. Plaintiff was severely injured and has judgment on a verdict. Defendant appeals.

Plaintiff owned the car in which she was traveling. She had recently purchased it from Leroy Motor Company who employed an agent named Brunner. During the period in which she was entitled to have the car serviced by Leroy Motor Company without charge, she delivered it to the company for that purpose. The company was therefore bailee. She called attention to the fact that there was "a noise in the car" which she wished eliminated; it is also referred to as a "rattle," a "knock"; "it sounded like a shackle bolt"; "it was something in the rear of the car." On the day of the accident she went to the company's place of business to obtain the car if ready for delivery to her, and Brunner, who had sold the car to her, said, "They would try the car" for the purpose of discovering whether the noise had been eliminated. Brunner took charge and drove. Plaintiff sat beside him. Brunner not only drove but selected the streets over which the car was driven and (stating the evidence most favorably supporting the verdict, as the rule requires) while crossing Musgrave Street and about leaving the cartway of that street, having already passed the curbline on the east side of Musgrave Street, plaintiff's car was struck on the left rear by the right front fender of defendant's truck. This truck, as the jury must have found, turned from its southward course on Musgrave Street (on which plaintiff and Brunner had seen it approaching) and headed eastward on Johnson Street at the intersection sufficiently to do the damage. Plaintiff's car was overturned in Johnson Street and was lying a short distance east of Musgrave.

In view of the three-party relation existing between Brunner and the plaintiff and the truck driver, the learned president judge very wisely submitted a number of interrogatories to the jury to be specifically answered in addition to the finding of the general verdict. Among the questions and answers are the following:

1. Was Bell, the driver of the defendant's truck, guilty of negligence? Yes.

2. Was the plaintiff, Ellen E. Brown, guilty of negligence? No.

3. Was Brunner, the driver of the plaintiff's car guilty of contributory negligence? No.

4. Did Ellen E. Brown have a share in the operation of the car? No.

This practice has much to commend it and is of great value in the review, both by the court below and here, of the action of the jury and of the trial in general. There is evidence to support each of the findings so made by the jury. As to numbers 2 and 4, we must dismiss, as irrelevant, appellant's contentions concerning the so-called joint enterprise, common purpose and common employment of plaintiff and Brunner. The bailment had not been terminated; the car was in the custody and control of the Leroy Motor Company, acting by its agent, Brunner. As plaintiff occupied a seat beside him, she was of course held to the exercise of due care in the circumstances, but there is no evidence that she became cognizant of any possible danger in time to warn and then failed to do so (cf. Alperdt v. Paige, 292 Pa. 1, 140 A. 555; Rodgers v. Saxton, 305 Pa. 479, 158 A. 166; Carlson v. R. R. Co., 305 Pa. 431, 158 A. 163).

We are not impressed by the criticisms of the charge suggested in appellant's argument, nor is it necessary to discuss the remaining complaint that the judgment is excessive. The verdict was $21,611; the plaintiff was very seriously injured; the learned court below reduced the verdict to $12,500. No reason has been called to our attention why it should be further reduced.

Judgment affirmed.