## Martin, Appellant, *v.* Gall.

Argued March 26, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*P. Vincent Marino,* for appellants.

*Francis H. Patrono,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, April 23, 1952:

On June 12, 1948, Walter M. Martin, appellant-plaintiff in this appeal, was driving a 1938 Oldsmobile Sedan belonging to his father, A. W. Martin, on Meadowlands Pike in Washington County. As he approached a point where the Meadowlands Pike intersects with Allison Hollow Road he observed the defendants' truck coming from the right. A stop sign at this intersection

required all traffic on Allison Hollow Road to come to a definitive halt before proceeding across the through highway on which the plaintiff was moving. The truck, however, did not stop and a collision occurred.

Walter M. Martin filed a suit in trespass for personal injuries sustained by him in the collision and joined with him his father, A. W. Martin, for damages done the Oldsmobile car. At the termination of Walter M. Martin's case, the Court entered a compulsory non-suit against him, finding him contributorily negligent as a matter of law, and allowed the case to go to the jury as to the property damages sustained by the owner of the Oldsmobile. The jury returned a verdict in favor of the owner, A. W. Martin, in the sum of $600.

From the refusal of the court below to take off the non-suit, an appeal has been taken to this Court.

It is now so axiomatic in our law as to scarcely require the presentation of any authority, that in considering an appeal from the refusal to remove a compulsory non-suit, the evidence must be considered in the light most favorable to the plaintiff and he must be given the benefit of every inference and deduction reasonably to be made therefrom. *Szukics v. Ruch,* 367 Pa. 646, 81 A. 2d 903.

Applying this inflexible rule to the facts in this case, we are convinced that the learned Trial Judge should have submitted to the jury the question of contributory negligence, especially when we combine with that rule the other rule that contributory negligence will not be declared as a matter of law unless it is so clear that there can be no room for fair and reasonable disagreement as to its existence, *Dodson v. Philadelphia Transportation Co.,* 366 Pa. 287, 77 A. 2d 383.

Walter M. Martin testified that he was driving at about 35 miles per hour when he saw the defendants' truck approximately 150 feet from the intersection.

The truck gave every indication of a progressive retardation of speed in order to obey the Stop Sign, and was faltering along at 6 to 7 miles per hour. However, when the plaintiff was about 25 feet from the intersection, the truck suddenly picked up speed and moved into the path of the car of the plaintiff who sounded his horn, vigorously applied his brakes and turned sharply to the right toward the curb to avoid striking the truck. The wheels of the plaintiff's car locked and it skidded a short distance so that its left side came into contact with the center portion of the truck on its right side.

Myrna L. Swartzfeger, passenger in the plaintiff's car, confirmed Martin's testimony as to the speed of the respective vehicles, and the inference from her testimony is inescapable that the plaintiff had proceeded with all the care required of a cautious driver.

While every motorist is bound to exercise reasonable care even though he has the right of way, he has the right to suppose that anyone coming to an intersection marked with a stop signal will obey the legal admonition and yield to the vehicle entitled to the priority of crossing. Through highways would lose their whole significance if motorists on those highways were required themselves to stop to ask the pleasure of cars in transversal traffic. All vehicles moving into through highways are statutorily called upon to cease movement not only to allow through traffic to pass but to cease movement absolutely, even though no one else be on either of the intersecting highways.

In *Rhinehart v. Jordan*, 313 Pa. 197, 169 A. 151, the lower Court had declared as a matter of law that the defendant there was negligent because while traveling on a through highway at the rate of 20 to 25 miles per hour, he had not looked, after passing a point 75 feet from an intersection, to see whether anyone was ap-

proaching that intersection. In reversing the lower court this Court said that the driver had the right ". . . to suppose that anyone coming to the crossing would obey the stop signal, and give him the right of way, as required by the Vehicle Code of May 1, 1929, P. L. 905, sections 1014 and 1016, as amended by the Act of June 22, 1931, P. L. 751, section 2. It was error for the trial judge to say as a matter of law that Jordan was negligent under such circumstances. His negligence was clearly a question for the jury." Further, the Court said: "But in determining whether reasonable care was exercised it must be remembered that a driver having the right of way may take into consideration, as a factor upon which, with others, to base his conduct, the duty of other drivers to obey the law and the probability that they will do so . . ."

In *Balkie v. Philadelphia R. T. Co.,* 331 Pa. 93, 200 A. 52, the driver of a fire truck (not, however, on the way to a fire) was struck by a street car which, giving every indication it was about to stop, travelling as it was at about 5 miles per hour, nevertheless entered into an intersection in defiance of a traffic signal against it. This Court, through Chief Justice DREW, said: "It is contended that the driver of the fire truck was not entitled to assume that the motorman would respect his superior right at the intersection. We are firmly of the contrary opinion. It is true that the driver of a motor vehicle may not proceed blindly in reliance upon his right of way (Mathiasen v. Brennan, 318 Pa. 577; Byrne v. Schultz, 306 Pa. 427) but when a pedestrian or driver has the right of way and sees the approach of an automobile or street car giving all indication that it will yield to his superior right he may proceed on the assumption that it will . . .".

In his opinion refusing to take off the non-suit, the learned Trial Judge in this case stated that the truck

driver testified positively that he stopped at a certain point to note if anyone was approaching on the highway. However, the defendant's testimony is irrelevant in this proceeding since it was heard in the case involving the owner of the Oldsmobile car and came *after* the Court had entered a non-suit against the present plaintiff, the appellant here.

We are satisfied that the question whether Walter M. Martin was guilty of contributory negligence was distinctly a question of fact for the jury in all the circumstances.

Order reversed with a procedendo.