Allega, Appellant, *v.* Eastern Motor Express Co., Inc.

Argued March 31, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*V. J. Rich* and *Randall J. McConnell, Jr.,* with them *Samuel J. Margiotti, Margiotti & Casey, Dickie, McCamey, Chilcote, Reif & Robinson,* for Angelo Allega.

*Bruce R. Martin,* with him *Dalzell, Pringle, Bredin & Martin,* for Eastern Motor Express Co. et al.

OPINION BY MR. JUSTICE ARNOLD, May 24, 1954:

These trespass actions arise out of a right angle collision between the automobile owned and driven by appellant and a tractor trailer driven by appellee, Cale, as the employe of appellee, Eastern Motor Express Co., Inc. A verdict as to the other defendant, Zurcher Truck Lines, Inc., was entered because of failure to prove agency.

Appellant had as passengers his parents, who were killed, and his brother, who was injured. In one action, appellant sued for his own damages, and in another sued as administrator of his parents' estates. His brother also sued for personal injuries. In the actions

by the brother and the administrator, appellant was made an additional defendant.

For these appeals the pertinent facts are: Allegheny and Western Avenues in the city of Pittsburgh intersect at right angles, the intersection being controlled by traffic lights which at the time of the accident were blinking red for Western Avenue traffic and yellow for Allegheny Avenue traffic. Thus, vehicles on Western Avenue were obliged to come to a stop before proceeding into the intersection and those on Allegheny Avenue could proceed without stopping but "with caution." Appellant was driving on Allegheny Avenue, and when 20 or 25 feet from the nearest curb line of the intersection he saw appellees' trailer some 75 feet from the intersection, approaching from his right on Western Avenue at a speed of 30 to 35 miles per hour. At this point appellant reduced his speed to 10 miles per hour, assumed that appellee would stop, and *proceeded into the intersection without again looking to his right or paying any further heed to the actions of the trailer.* The trailer continued into the intersection and struck appellant's automobile at about the middle of the intersection.

The court entered a compulsory nonsuit in appellant's individual action because of his contributory negligence, but left to the jury the question of his liability as additional defendant in the other actions; that is, the jury was allowed to determine whether appellant's negligence was a substantial factor of harm in the accident.[1] The jury found that it was not, whereupon

---

[1] "It is the duty of the court to determine whether, upon the facts which are admitted, . . . or reasonably inferable from the evidence, the actor's conduct is a substantial factor in bringing about harm to another, unless the question is open to a reasonable difference of opinion, in which case it is to be left to the jury.": Restatement, Torts, §434.

appellees moved for a new trial which was granted solely on the question of the additional defendant's liability with them. The court gave as its reason for the new trial that it erred in not declaring as a matter of law that appellant's negligence was a substantial factor of harm. Appellant appeals from both orders.

That appellant was negligent as a matter of law cannot be seriously questioned. Although he had the technical right of way and had a right to assume that the duty owed him would be performed (*Martin v. Gall*, 370 Pa. 258, 87 A. 2d 925), yet he did not have the right to proceed blindly into the intersection, oblivious of the actions of one he already knew was proceeding towards the intersection in the manner of this appellee. In sustaining a nonsuit Justice BELL stated for a unanimous Court in *Lewis v. Quinn,* 376 Pa. 109, 113, 101 A. 2d 282: "The signal to cross is not a 'command to go, but a qualified permission,' and the qualification is 'to proceed lawfully and carefully,' as a prudent man would under the circumstances, which *certainly requires looking to the right and left before entering upon the intersecting street.* To hold otherwise, and as contended by defendants, would be to relieve drivers from vigilance and careful driving at street intersections, and license them to drive blindly where traffic is most dangerous. It would greatly increase the peril of street crossings for both pedestrians and motorists. It is for this reason that we would emphasize the fact that so far as the degree of care required of motorists or other drivers at street intersections is concerned, there has been no change in the law of negligence by the introduction of traffic officers and signals." This was not even the case of a "green light" in his favor but one plainly demanding that he proceed

"with caution."[2] Undoubtedly if he had continued to observe the trailer, he could not but have known that it would not stop—contrary to his unjustified assumption; and the accident would not then have occurred without contributory negligence on his part. Under these circumstances, nonsuit was entirely proper: *Byrne v. Schultz*, 306 Pa. 427, 160 A. 125; *Lewis v. Quinn*, 376 Pa. 109, 101 A. 2d 382.

Neither was there error in the grant of a new trial as to the matter of liability among the original and additional defendants. Under the facts, the court was in error in permitting the jury to determine that appellant's negligence was not a substantial factor of harm in the accident. As we have stated, his negligence necessarily had to be declared as a matter of law, which the court did, and it was also necessarily a substantial factor of harm in the accident, which fact also should have been declared by the court. "It is the duty of the court to determine whether, upon the facts which are admitted, . . . or reasonably inferable from the evidence, the actor's conduct is a substantial factor in bringing about harm to another, unless the question is open to a reasonable difference of opinion, in which case it is to be left to the jury: "Restatement,

---

[2] "(a) It shall be unlawful for the driver or operator of any vehicle, street car, or trackless trolley omnibus to disobey the directions of any traffic signal placed in accordance with the provisions of this act, unless otherwise directed by a peace officer.

"(f) Flashing yellow or caution signals.—A signal when illuminated by rapid intermittent yellow flashes shall indicate 'Caution'. . . .

"(g) . . . a signal when illuminated by rapid intermittent red flashes shall require the operators of all vehicles and street cars and trackless trolleys to observe the same regulations as for through traffic stop signs and signs at stop intersections. . . .": Act of 1929 P. L. 905, as amended, 75 PS §635.

Torts, §434; *Murphy v. Neely,* 319 Pa. 437, 179 A. 439. The several orders are affirmed.