## Mathews *v.* Patton (et al., Appellant).

Argued April 27, 1956. Before STERN, C. J., BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edward H. P. Fronefield*, with him *Edward H. Bryant, Jr.*, and *Lutz, Fronefield, Warner & Bryant*, for appellant.

*Howard Richard,* with him *Berman & Richard,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, June 25, 1956:

A big oak tree, with a trunk diameter of four feet, rears its circumferential luxuriant head and shoulders at the northwest corner of Huey and Brookfield Avenues in Philadelphia. In the month of August its foliage reaches such richness of expansion that it curtains the approach to either street for persons advancing on the intersecting thoroughfare. Surrounding shrubbery some six or seven feet high and in the full leaf of its summer vesture helps the tree in producing here what is known as a "blind corner." Elementary prudence dictates to motorists arriving at this point from either street to move with the utmost caution and at the slowest possible speed. The Vehicle Code with commendatory prescience anticipates the perils attendant upon such obscured street approaches and accordingly restricts motorists in such a locality to a maximum speed of 20 miles per hour.

On August 18, 1953, the defendant in this case, James Robert Rubino, drove his car at the rate of 30 to 35 miles per hour southwardly on Brookfield Avenue and collided with a taxicab being driven by the plaintiff Eli Mathews as it emerged from Huey Avenue into Brookfield, travelling in an eastwardly direction. The taxicab, moving in from the defendant's right, had the right of way.

In the ensuing lawsuit the plaintiff recovered a verdict of $12,000 because of injuries resulting from the collision. The defendant now seeks judgment n.o.v., contending that the plaintiff was guilty of contributory negligence in that he did not exercise the care required at a traffic point of the character described. The record does not reveal the exact speed at which

the plaintiff entered the obscured intersection. However, he did testify that before he got to Brookfield he was "doing approximately 20, 25 miles per hour." And then, as he actually approached Brookfield he "slowed a bit." It is reasonable to assume from this testimony that he was not exceeding 20 miles per hour as he entered the crucial area. At any rate it was for the jury to decide, under appropriate instructions from the Court, whether at the moment he penetrated Brookfield Avenue he was violating The Vehicle Code. We are satisfied from a reading of the record that the jury was justified in exculpating the plaintiff from the charge of contributory negligence on the basis of speed.

As the plaintiff entered upon Brookfield Avenue he saw the defendant's car about two or three car lengths away, travelling toward him with such velocity that a sudden stoppage on his part would invite inevitable collision. He accordingly swerved to the right and accelerated his speed, hoping that by this maneuver he could avoid the defendant who, however, continued to advance with undiminished movement, striking the plaintiff's cab at the rear left door, hurling the plaintiff into the street where he was run over by either his own or the defendant's vehicle.

Whether the plaintiff under the circumstances which confronted him, without fault on his part, exercised the reasonable care required by the law of the highway was also a question of fact for the jury, and we are again satisfied that the record here justifies the jury's conclusions.

The defendant in his brief quotes from the case of *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 503, where we said: "It is the duty of the driver of a street car or a motor vehicle at all times to have his car under control, and having one's car under control

means having it under such control that it can be stopped before doing injury to any person in any situation that is *reasonably likely* to arise under the circumstances." (Emphasis supplied.)

It was a question for the jury in this case whether the plaintiff was to expect that it would be *reasonably likely* that any motorist on Brookfield Avenue would violate the speed regulations of the locality, would fail to obey the SLOW sign on Brookfield Avenue, and would drive with disregard for the rights of others legitimately on the highway. The jury found that the plaintiff was not required to anticipate such conduct, and we see no reason to disturb that finding.

What was said in *Youngo v. Rosenberger,* 94 Pa. Superior Ct. 266, could well apply here: "The plaintiff's driver having unquestionably, under the evidence produced by the plaintiff, reached the intersection first, having approached from the right, and having looked in each direction for approaching traffic on Beltzhoover Avenue and the truck of the defendant not being then in sight, was not required to anticipate and guard against the want of ordinary care in the operation of vehicles approaching the intersection from the left. This evidence was for the jury and the court could not declare as matter of law that the driver of plaintiff's truck was guilty of contributory negligence."

The plaintiff was not obliged under the law to dismount and proceed ahead on foot to see what was approaching on Brookfield Avenue before entering it. In the case of *Pellegrini v. Coll,* 133 Pa. Superior Ct. 294, 299, the Superior Court approved the opinion of the Court below in which it was said: "Plaintiff entered the intersection with the traffic signal favoring him, and he had the right to assume that other users of the intersection whom he could not observe would not attempt to cross his path. His view being ob-

structed by the truck on his left, it was his duty to proceed cautiously across the intersection, but he 'was not obliged to stop his car and proceed ahead on foot in order to determine whether the intersection was clear.' Harris v. Moran, 121 Pa. Superior Ct. 16, 18."

Considering the congested state of the highways of today it must not only be assumed but almost expected that motorists will entertain some faith in the good intention and reasonable care of their fellow-motorists. So long as the automobilist respects the speed limits of The Vehicle Code, he is not expected to stop at every tree and clump of shrubs to inquire if danger is concealed behind the leaves or if another car lurks in ambush.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

Plaintiff, who was not on a through highway, came to a *blind* corner and drove through the intersection at what the majority assumes was a speed of 20 miles an hour. Defendant was driving at a speed of 25 to 35 miles an hour. There was no light or stop sign. The majority states: *"As the plaintiff entered* upon Brookfield Avenue he saw the defendant's car *about two or three car lengths away* traveling toward him with such velocity that a *sudden stoppage on his part would invite inevitable collision.\** He accordingly swerved to the right and accelerated his speed, hoping that by this maneuver he could avoid the defendant, who . . . [struck] plaintiff's cab at the rear left door."

The law of Pennsylvania has hitherto been, and in my judgment should still be, that a motorist who is not on a through highway must, when approaching a

---

\* Italics throughout, mine.

blind corner, not only look to his right and left for approaching traffic but *must have his car under such control that* he can stop it in time to avoid a collision with an automobile approaching at right angles. Under a myriad of authorities, this plaintiff was undoubtedly guilty of contributory negligence as a matter of law: *Perpetua v. Philadelphia Transportation Co.*, 380 Pa. 561, 112 A. 2d 337; *Lewis v. Quinn*, 376 Pa. 109, 101 A. 2d 382; *Byrne et al. v. Schultz*, 306 Pa. 427, 160 A. 125; *Allega v. Eastern Motor Express Co., Inc.*, 378 Pa. 1, 105 A. 2d 360; *Grande v. Wooleyhan Transport Co.*, 353 Pa. 535, 46 A. 2d 241; *Shapiro et ux. v. Grabowsky*, 320 Pa. 556, 184 A. 83; *Riley v. McNaugher*, 318 Pa. 217, 178 A. 6.

In *Perpetua v. Philadelphia Transportation Co.*, 380 Pa., supra, this Court held that plantiff's testimony convicted him of contributory negligence as a matter of law. Speaking through Justice ARNOLD, we said: ". . . Plaintiff has not met the burden imposed upon him to 'make out a case clear of contributory negligence': Lewis v. Quinn, 376 Pa. 109, 101 A. 2d 382. ' "The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, *must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street"* ': Rea v. Pittsburgh Railways Company, 344 Pa. 421, 425, 25 A. 2d 730. . . ."

In *Lewis v. Quinn*, 376 Pa., supra, this Court, in affirming a nonsuit, said (pages 112, 113) : " '. . . It has been firmly established that a driver having the right of way at an intersection is still bound to use proper care under the circumstances to avoid collision with an approaching vehicle: Alperdt v. Paige, 292 Pa. 1;

Robinson v. Berger, 295 Pa. 95; Campagna v. Lyles, 298 Pa. 352; Curry v. Willson & Sons, 301 Pa. 467; Bailey v. Lavine, 302 Pa. 273; Frank v. Pleet, 87 Pa. Superior Ct. 494. . . .

" '. . . He must be vigilant, must exercise a high degree of care, *must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street.*' "

In *Byrne v. Schultz,* 306 Pa., supra, the Court said (pages 431-433) : ". . . In Gilles v. Leas, it is said, at page 320: 'We have held over and over again that at street crossings drivers must be exceedingly vigilant *to have their cars under such control that they may stop at the slightest sign of danger.* If they do not, and an accident results, they are liable in damages for its consequences.' . . .

". . . He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street."

In *Allega v. Eastern Motor Express Co., Inc.,* 378 Pa., supra, the Court said (page 4) : "That appellant was negligent as a matter of law cannot be seriously questioned. Although he had the technical right of way and had a right to assume that the duty owed him would be performed (Martin v. Gall, 370 Pa. 258, 87 A. 2d 925), *yet he did not have the right to proceed blindly into the intersection. . ."*

In *Grande v. Wooleyhan Transport Co.,* 353 Pa., supra, the Court affirmed a judgment n.o.v., and speaking through Justice (later Chief Justice) DREW said (page 538) : "We have said repeatedly that care at street crossings is the highest duty of drivers: Johnson v. French, 291 Pa. 437, 140 A. 133; Byrne v. Schultz, 306 Pa. 427, 160 A. 125, and cases there cited. *This is true even when one has the right of way.* . . .

'He must be vigilant, must exercise a high degree of care, *must have his car under complete control, and must look and see what is visible, before attempting to cross the intersecting street'."

A motorist on a non-through highway is not permitted to drive blandly or blindly into or through a blind intersection—in order to be free of contributory negligence he must have his car in such control before entering the intersection that if necessary to avoid oncoming traffic he can stop it at the entrance of the intersection.

If the cases cited and quoted above are still the law of Pennsylvania this plaintiff was clearly guilty of contributory negligence as a matter of law. I would enter a judgment non obstante veredicto.