Louis MOSBY and Doris E. Mosby

v.

Joyce McANDREW

v.

Doris E. MOSBY.

Civ. A. No. 37186.

United States District Court
E. D. Pennsylvania.

Dec. 11, 1968.

Bernard M. Gross, Sheldon Seligsohn, Philadelphia, Pa., for plaintiffs.

Joseph B. Erwin, Philadelphia, Pa., for McAndrew.

John S. Kokonos, Philadelphia, Pa., for Doris Mosby.

## OPINION

LUONGO, District Judge.

This suit arose out of an automobile accident which happened at the intersection of Route 13 and Bath Road, Bucks County, Pennsylvania. Plaintiffs are Doris Mosby, the driver, and her husband, Louis Mosby, passenger in the vehicle which collided with that driven by defendant, Joyce McAndrew Protzman.[1] The case was tried on May 29, 31 and June 3, 1968 before the court and jury.

1. Defendant had re-married at the time of the trial.

At the close of all the evidence the court directed a verdict for the defendant on Doris Mosby's claim, and the jury returned a verdict for the defendant on Louis Mosby's claim.

Before the court are plaintiffs' motions for new trial.

Plaintiff Doris Mosby, contends that the court erred in refusing to submit her case to the jury. The facts taken in the light most favorable to her, are these:

Doris Mosby was driving her vehicle eastwardly on Route 13, a four-lane divided highway on a bright sunny January afternoon approaching the intersection of Bath Road. The intersection was controlled by traffic lights. She was driving in the innermost lane (next to the medial strip) proceeding at about 35 miles per hour. She reduced her speed slightly to about 30 miles per hour when she was at a point a car length or two from the intersection. At that time she observed the light which was still green in her favor. At that moment a "big flash of light" blinded her and a collision ensued immediately thereafter. She did not see any vehicle in the intersection at any time. As part of their case, plaintiffs called defendant, Joyce McAndrew Protzman, to testify as on cross-examination, presumably to establish the identity of the other vehicle involved in the accident. Defendant testified that she had been driving north on Bath Road and that she had stopped for a red light at Route 13. When the light changed to green, she looked to the left as she began to proceed in first gear (she was driving a conventional shift car) at about 5 miles per hour. She saw cars approximately ¾ of the length of a football field away approaching the intersection slowing down. She looked to the right to see if anything was coming from that direction and then she looked ahead to see if oncoming traffic on Bath Road was going to turn across her lane of travel into Route 13. As she arrived at a point a foot or two short of the center line of Route 13, her car was struck at about the left front door by the Mosby vehicle.

On the foregoing evidence, the court concluded that reasonable minds could not help but conclude that Doris Mosby's negligence contributed in *some* degree to the happening of the accident and directed a verdict for defendant on wife-plaintiff's claim. In plaintiffs' own case it was apparent that Doris Mosby had failed to see defendant's vehicle which must have been in the intersection as she approached it. Defendant's vehicle, moving at a very slow rate of speed, had proceeded across at least one lane of traffic and well into the second lane before it was struck flush on the side by the front of Doris Mosby's vehicle. Under the circumstances Doris Mosby could not be heard to say that she did not see what was plainly there to be seen. Her failure to see defendant's moving vehicle, or to see the other vehicles which were at a standstill on Bath Road, constituted contributory negligence as a matter of law. Smith v. United News Company, 413 Pa. 243, 196 A.2d 302 (1964); Lewis v. Quinn, 376 Pa. 109, 101 A.2d 382 (1954).

With respect to the claim of Louis Mosby, the issue of defendant's negligence was submitted to the jury under instructions to which no pertinent exceptions were taken. Defendant's negligence was clearly for the jury and the jury's verdict absolving her was supported by the evidence.

It is contended that Louis Mosby's claim was prejudiced by the fact that the court informed the jury that it had eliminated Mrs. Mosby's claim due to her contributory negligence. It is argued that the court's action misled the jury into believing that only Mrs. Mosby could have been negligent. There is no merit to this contention. The court very carefully pointed out that there could be more than one proximate cause of an accident and instructed the jury in clear and unmistakable terms that it was the jury's province to determine whether or not defendant was negligent in the manner in which she operated her vehicle at the time of the accident, and whether her negligence was a substan-

tial factor in causing or bringing about the happening of the accident. It was also pointed out to the jury that Doris Mosby's contributory negligence was measured by a different standard (i. e. contributed in *any* degree) than the standard (i. e. substantial factor) the jury was to apply in determining whether her negligence was a proximate cause of the accident.

The motions for new trial will be denied.