# Ritter, Appellant, *v.* Pittsburg Railways Company.

*Negligence—Street railways—Instructions—Appeals—Assignments of error.*
1. In an action to recover damages for death wherein the verdict of the jury was for the defendant, whether on appeal assignments of error relating to instructions of the court should be sustained, is immaterial where from the evidence the conclusion is irresistible that the accident was due to decedent's failure to observe ordinary care under the circumstances.

*Negligence—Street railways—Contributory negligence—Crossings—"Stop, look and listen."*
2. In an action to recover damages for death resulting from a collision with a street car, binding instructions should be given for the defendant where it appears that the car could have been seen approaching for more than a block and that the deceased started from a store on the south side of a fifty feet wide, doubled tracked street to cross it diagonally as the car was approaching on the north side track, and that when he was struck he was at the first rail of that track at his horse's head, trying to back him. Such a case falls within the rule laid down in Carroll v. Railroad Company.

Argued Oct. 28, 1910. Appeal, No. 180, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., First T., 1908, No. 883, on verdict for defendant in case of Margaret Ritter v. Pittsburg Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death.  Before CARNAHAN, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were various instructions of the court and omissions to charge.

*R. T. M. McCready,* for appellant.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellee.

PER CURIAM, January 3, 1911:

A car of the defendant company struck and killed the husband of the appellant on one of the streets of the city of Pittsburg.  In this action, brought by her for the recovery of damages for herself and her husband's children, the verdict of the jury was returned for the defendant, manifestly on the ground of the contributory negligence of the deceased, and on this appeal from the judgment upon it the assignments of error complain of what the court charged and of what it failed to charge as to negligence and contributory negligence.  Whether any of these assignments ought to be sustained is immaterial, for, from our examination of the testimony of the only eye witness to the accident called by the plaintiff, the conclusion is irresistible that the death of her unfortunate husband was due to his failure to observe ordinary care under the circumstances.  The car could have been seen approaching for more than a block, and the testimony of the witness for the plaintiff who saw the collision, though in some parts contradictory, is distinct and repeated, that the deceased started from a dry goods store on the south side of the street to cross it diagonally as the car was approaching on the track on the north side, and that when he was struck he was at the first rail of that track

at his horse's head, trying to back him.   The street from curb to curb was fifty feet wide.   From the curb on the south side to the first rail on the north track the distance was twenty-six feet and ten inches, over which, including the first track, the deceased passed from the time the witness first saw him until he was struck.   The case clearly falls within the rule laid down in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, and later cases, and the defendant's point, asking that a verdict be directed in its favor, should have been affirmed.

Judgment affirmed.