Jaski et ux., Appellants, *v.* West Park Daily Cleaners and Dyers, Inc.

Argued January 6, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Peter P. Zion,* with him *Albert H. Friedman,* for appellants.

*Raymond A. White, Jr.,* for appellee, was not heard.

OPINION BY MR. JUSTICE BARNES, March 22, 1939 :.

This appeal involves a right-angle collision between an automobile and a truck, at the intersection of Second Street and Fairmount Avenue in the City of Philadelphia. The wife-plaintiff testified that on October ·24, 1935, about 12: 30 o'clock noon, she was driving an automobile belonging to her husband south on Second Street in the direction of Fairmount Avenue; that she drove into the intersection at a speed of three miles an hour. Fairmount Avenue at this point is thirty-one feet wide between the curbs, with trolley tracks in the center of the street. Plaintiff admits that she did not see the truck which was traveling west on the north side of Fairmount Avenue until she was "very close to the track" on the Avenue, and the front of her car was within three feet of the north rail. She said her car had come to a stop when struck by the truck. There is no evidence that plaintiff's view in the direction from which the truck came was obstructed by other vehicles or by pedestrians.

On behalf of defendant it appears that as the driver of the truck approached the intersection at Second Street, he slowed down and sounded the horn. As he

proceeded to cross the street plaintiff's car was seventy-five feet away, and before he could clear the intersection the automobile hit the right center of the truck.

The trial resulted in a verdict for the defendant, and from the order of the court below refusing their motion for a new trial, plaintiffs have taken this appeal.

The testimony shows that the collision occurred after the wife-plaintiff had traversed a distance of approximately nineteen feet within the intersection, starting from the north side of Fairmount Avenue. It was her duty to look to the east along Fairmount Avenue, as she entered the intersection, and to continue to look for approaching traffic as she crossed the street. The day was clear, and if she had performed this duty she would have seen defendant's truck in sufficient time to have stopped her automobile, and prevented the accident. The failure on her part to exercise the care required of operators of automobiles at intersections convicts her of contributory negligence. The principle has been many times repeated that a driver who enters a street intersection without looking for vehicles proceeding on the cross street, or who looks but proceeds directly into the path of a rapidly approaching vehicle, is contributorily negligent as a matter of law. At an intersection, a driver must not only look for cross traffic but must continue to look as he crosses in order to avoid a possible collision: *Toyer v. Hilleman,* 320 Pa. 417; *Shapiro v. Grabosky,* 320 Pa. 556; *Stevens v. Allcutt,* 320 Pa. 585; *Altmyer v. Spear & Co.,* 124 Pa. Superior Ct. 9.

The plaintiffs assert that a new trial should be granted because the conduct of the trial judge, both in his attitude toward the plaintiffs' attorney, and the manner in which he participated in the cross-examination of witnesses, was such that the plaintiffs' case was fatally prejudiced in the minds of the jury. We have examined the record upon this question, and it clearly indicates that plaintiff's version of the accident was highly im-

probable and exaggerated, if not false. Therefore we find no abuse of discretion in this respect upon the part of the trial judge. Moreover, as the wife-plaintiff's own testimony shows want of care upon her part, we need not consider the contentions of plaintiffs concerning the manner in which the trial was conducted, or whether there was error in the charge: *Ritter v. Pittsburgh Rys. Co.*, 230 Pa. 249. The order of the court below refusing plaintiffs' motion for new trial must be sustained.

Order affirmed.