Bender, Appellant, *v.* Curran.

Argued November 30, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Nochem S. Winnet,* for appellant.

*John B. Martin* and *Duane, Morris & Heckscher,* for appellee, were not heard.

PER CURIAM, January 2, 1940:

Plaintiff was nonsuited in the court below in his action to recover damages from defendant growing out of the alleged negligent operation of a truck belonging to the latter. The court refused to take off the nonsuit.

The facts as testified to by plaintiff are these: At night, driving his automobile on a city street, he approached the right angle intersection of that highway with another, stopped at the house line, observed the lights of another motor vehicle (defendant's truck) approaching from his right on the intersecting street seventy-five feet away. Owing to the darkness, he could not distinguish the vehicle or tell how fast it was moving. Without stopping at the curb line, which is fifteen feet from the building line, he drove into the intersection without again looking in the direction of the oncoming truck until he was slightly beyond its center, when he saw it only ten feet away, and was struck by it. Under these circumstances, his contributory negligence is plain. He drove into the path of the approaching truck in entire disregard of the danger of the situation. If authority were needed to sustain the action of the learned President Judge who tried the case, it will be found in *Shapiro v. Grabosky,* 320 Pa. 556, 184 A. 83; *Stevens v. Allcutt,* 320 Pa. 585, 184 A. 85; *Jaski v. W. Park Daily C. & D., Inc.,* 334 Pa. 12, 5 A. 2d 105.

Judgment affirmed.