**CHLIPALA et ux. v. A. A. MORRISON & CO., Inc.**

Civil Action No. 642.

District Court, M. D. Pennsylvania.

May 15, 1942.

Joseph T. McDonald, of Scranton, Pa., and Carl J. Burke, of Pittston, Pa., for plaintiffs.

Frank M. Walsh, of Scranton, Pa., for defendant.

WATSON, District Judge.

A trial with a jury resulted in a verdict in the total sum of $6,984.42 for the plaintiffs, and judgment was duly entered thereon. The defendant, having moved for a directed verdict at the close of the evidence, now moves for judgment non obstante veredicto, and also for a new trial. These motions are now before the Court for disposition.

This case arose out of a collision between a two-door sedan driven by the plaintiff, Helene Chlipala, and a truck operated by an agent of the defendant. The accident took place on August 12, 1940, at or about 5:30 P.M., at the intersection of Broad and Front Streets in the City of Pittston, Pennsylvania. Broad Street is divided into two segments, which will be called herein "Upper Broad Street" and "Lower Broad Street". Lower Broad Street runs east from Main Street in the City of Pittston, to Front Street where it ends. Front Street runs south and north from Lower Broad Street, and at approximately one city block south from Lower Broad Street it meets Upper Broad Street which runs at right angles east from Front Street. The portion of Front Street between Upper and Lower Broad Street is paved, and the continuations of Front Street north of Lower Broad Street and south of Upper Broad Street are unpaved. Upper Broad Street does not continue through Front Street but ends there. The west side of Front Street at that point has thereon a sidewalk, a fence, an embankment and a house.

The plaintiff, Helene Chlipala, appeared quite nervous on the witness stand and at points in her testimony clearly was confused. However, a fair interpretation of her testimony, and that of the other witnesses for the plaintiff, reveals that the accident occurred as follows: Helene Chlipala drove east on Lower Broad Street and, upon reaching Front Street, turned south toward Upper Broad Street with the apparent intention of turning left on Upper Broad Street. She proceeded down Front Street at appproximately ten miles an hour until she reached the corner of Front and Upper Broad Streets, at which point she reduced her speed to about five miles an hour. There is a house at the northeast corner of Front and Upper Broad Streets which prevents a driver approaching Upper Broad Street on Front Street from observing traffic on Upper Broad Street until the driver reaches the intersection or a point very near thereto. When Helene Chlipala reached the intersection, she saw, for the first time, the truck approaching Front Street on Upper Broad Street and about thirty-three feet from the intersection. The truck at that time was on the driver's left hand side of Upper Broad Street. Helene Chlipala proceeded into the intersection and at some point therein which was not definitely established, she saw that the truck was traveling at such a rate of speed that it indicated to her that the driver would not be able to make the turn at the intersection. She then "stepped on the gas" in an effort to avoid the truck and proceed across the intersection towards the unpaved portion of Front Street. This effort was unavailing for the truck struck the left side of the car damaging it from about the middle of the door to the rear fender. At the time of the collision, about three-quarters of the length of the car projected beyond the center of the intersection and the car was on the driver's right side of Front Street about two feet from the west curb thereof.

The defendant, in support of its motion for judgment non obstante veredicto, contends that the plaintiffs are barred from recovery because Helene Chlipala according to her own testimony was guilty of contributory negligence as a matter of law.

Helene Chlipala clearly was not negligent in proceeding into the intersection because she not only had the statutory right of way, Adams v. Gardiner, 306 Pa. 576, 160 A. 589; but she was proceeding on a portion of the road upon which the driver of the truck had no legal right to be. Thus, up to the point at which she realized, or should have realized, that the driver of the truck would be unable to make the turn, she was under no duty to stop or make any effort to avoid the truck which she had a right to assume would not be operated negligently. Nor was she bound to assume that the truck would be so operated as to place her in a position of danger because the nature of the intersection was such that the paths of the two vehicles would not cross if operated properly unless the driver of the truck made a left turn. The driver of the truck did not make such a turn. He testified that he was going to make a right turn on Front Street. The action of Helene Chlipala after she realized the danger of the situation and directed to the avoidance of the accident must then be considered in the light of all of the circumstances. There is nothing in the evidence to show that the increasing of the speed of the car in an effort to avoid the truck constituted such a want of due care as to warrant the conclusion that Helene Chlipala was guilty of contributory negligence and, therefore, the question was properly one for the jury.

Even assuming that Helene Chlipala had, on reaching the intersection, realized, or should have realized, that the excessive

speed of the truck would make it impossible for the driver to make the turn, the question of contributory negligence would still be one for the jury. For, had she then stopped her car, the driver of the truck in an effort to make the turn and to avoid plunging over the bank which is directly in front of Upper Broad Street might have struck her car. The negligence of the driver of the truck placed the plaintiff, Helene Chlipala, in a position of danger and her efforts to escape that danger must be judged in the light of the circumstances. She was not obliged to exercise even ordinary care. Altomari v. Kruger, 325 Pa. 235, 188 A. 828. Under the circumstances here, it is impossible to determine what course of conduct on the part of Helene Chlipala would have prevented the accident.

The cases relied upon by the defendant are clearly distinguishable from the case at bar. In Dranoff v. Railway Express Agency, D.C., 28 F.Supp. 325; Jaski v. West Park Daily Cleaners & Dyers, Inc., 334 Pa. 12, 5 A.2d 105; Bender v. Curran, 336 Pa. 527, 10 A.2d 4; Fraser v. Voight, 100 Pa.Super. 248; and Schneider v. American Stores Co., 100 Pa.Super. 339, the collisions occurred at the intersection of two streets each of which extended through and beyond the other, which is not true in the present case. In each of these cases the plaintiff crossed the path which would normally be traversed by the defendant's vehicle. And in each of these cases the Court found that the plaintiff proceeded in complete disregard of the danger of the situation either through failure to observe the defendant's vehicle or to test an obvious danger. Such is not the case here.

In Hess v. Mumma, 144 Pa.Super. 313, 19 A.2d 524, the plaintiff applied his brakes while twenty-five feet from the intersection but was unable to stop his car before he collided with the defendant's vehicle at a point in the intersection. The Court said, at page 526 of 19 A.2d: "One who looks but cannot stop is in no better position than one who, though able to stop, drives blindly into the intersection without looking."

In Stegner v. Florini, 3 Cir., 103 F.2d 980, the collision occurred at an intersection similar to that involved here. However, in that case, the defendants' vehicle had entered the intersection when the plaintiff's motorcycle was approximately fifty-five feet away from the intersection. The street from which the defendants' truck emerged was a "stop street" and was to the right of the plaintiff. Thus, the normal path of the truck was directly across the path of the motorcycle. The plaintiff, instead of stopping and thus avoiding the accident, increased his speed and attempted to pass in front of the truck. The Court said, at page 981 of 103 F.2d: "Although the plaintiff's motorcycle was of an old fashioned make requiring from fifty to sixty feet before it could be brought to a stop when traveling at twenty-five miles an hour, he continued at this rate of speed, in complete reliance upon his statutory right of way. In this he erred, for he had the duty to be prepared for the emergency created by the defendants' truck entering the through highway."

Hence, in all of these cases the Court merely applied the doctrine that one having the statutory right of way is not relieved thereby of the necessity of using due care to avoid an accident. This doctrine is of no avail to the defendant here because, under the evidence the plaintiff, Helene Chlipala, did not at any time fail to exercise due care. The situation here is more nearly comparable to that in Adams v. Gardiner, supra; and Altomari v. Kruger, supra. In the latter case, the Court said at page 240 of 325 Pa., at page 831 of 188 A.: "There are many cases where the facts are such that a jury's finding of contributory negligence could not be characterized as contrary to the evidence, but it is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared judicially." The defendant's motion for judgment non obstante veredicto must be denied.

The defendant assigned the following reasons in support of its motion for a new trial: The verdict was against the evidence; the verdict was against the law; the verdict was excessive; the Court erred in denying defendant's motion for a directed verdict; the Court erred in a portion of its charge to the jury; and newly discovered evidence.

In its brief, as well as at the oral argument, the defendant urged only the matter of the newly discovered evidence as a reason for a new trial. Therefore, I shall state with regard to the other reasons assigned only that I find them completely without merit, and that the alleged but non-existent error in the charge of the Court cannot be considered because of the failure

of the defendant to make known to the Court its objection thereto before the jury retired to consider its verdict. Rule 51, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The after discovered evidence upon which the defendant relies consists of a record of the state court in the county wherein the plaintiffs reside, revealing that the plaintiffs were divorced on February 2, 1938. The defendant has not offered any other evidence by way of affidavits or otherwise which would show or tend to show that on August 12, 1940, the plaintiffs were not married. The record of the trial reveals that the plaintiffs were then living together as man and wife and that they were regarded as man and wife by three of the witnesses, one of whom is the sister of John Chlipala. In addition, both plaintiffs testified that they were man and wife.

The evidence relied upon by the defendant in its motion is insufficient for two reasons: First, because it was a matter of record in the county wherein the plaintiffs reside and, therefore, could have been discovered prior to the trial by the defendant had he exercised due diligence. Sun Life Assur. Co. v. Budzinski, 3 Cir., 25 F.2d 77; Mutual Life Ins. Co. v. Parkinson, 3 Cir., 72 F.2d 759. Second, even if the evidence be deemed such that it could not have been discovered through the exercise of due diligence, it is not sufficiently material to warrant the assumption that its probable effect would be to cause the return of a different verdict. The Commonwealth of Pennsylvania recognizes common law marriages, Baker v. Mitchell, 143 Pa.Super. 50, 17 A.2d 738; and, consequently, even though the records of the state disclose that the marriage was terminated at a time prior to the accident, those records do not preclude the possibility, and in this case reasonable probability, that a marriage did in fact exist at the time in question. Therefore, to grant a new trial now would serve only to compel the plaintiffs to prove a fact which the defendant does not now controvert except indirectly, and which was admitted for the purposes of the trial through failure of defendant to require proof thereof. It is not intended, however, that the foregoing discussion be deemed to imply that the evidence in this case is sufficient to prove a common law marriage under the law of Pennsylvania. However, it does offer considerable support to the supposition that, if the issue had been presented for trial, the plaintiffs could have offered sufficient proof to satisfy the requirements of the law of Pennsylvania. Hence, the evidence relied upon by the defendant does not meet the requirement that it would reasonably and probably serve to change the judgment attacked, and the reason advanced for a new trial must be rejected. Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947; Shelton v. Southern R. Co., D.C., 255 F. 182.

It is ordered that the motion of the defendant for judgment non obstante veredicto, and the motion of the defendant for a new trial be, and they are, hereby denied.