## Heimburger, Appellant, *v.* Gundy.

Argued September 30, 1943. Before MAXEY, C. J., DREW, LINN, PATTERSON and STEARNE, JJ.

*John H. Sorg,* for appellant.

*Samuel G. Wagner,* with him *John D. McIntyre,* for appellee.

OPINION BY MR. JUSTICE DREW, November 22, 1943:

The parties engaged in cross-suits because of a collision between their automobiles resulting in damages, and the jury treated them with equality, returning a verdict for defendant in each case and marking the ballot slips "contributory negligence". New trials were requested and one of the plaintiffs, Alfred Heimburger, Sr., took this appeal from the judgment entered on the verdict in his case.

The accident occurred at about 8 o'clock on the morning of March 5, 1940, at the intersection of Maryland and Sixth Avenues, in the Borough of Oakmont, Allegheny County. These streets were then wet and slightly covered with snow. The atmospheric conditions were clear and the visibility good. The streets are about the same width, 30 to 35 feet, and intersect at right angles. Appellant was driving on Maryland Avenue and traveling at a speed of 25 to 27 miles an hour. When he reached a point 20 to 25 feet from Sixth Avenue, where he had an unobstructed view of that thoroughfare for a distance of 250 to 300 feet, he looked to his left and saw the truck of appellee approaching. That vehicle was then 80 to 90 feet from Maryland Avenue and was proceeding on its left or wrong side of the street. Appellant continued toward the intersection, and did not look again in the direction from which the truck was approaching, until he had reached or just passed the center of the intersection. He then looked to his left and saw appellee's truck almost upon him, about 10 feet away. At this time, appellant's car was traveling at about 25 miles an hour, and the truck was being operated at a faster speed. In an attempt to extricate himself from the perilous position in which he had placed himself, appellant "stepped

on the gas" and increased the speed of his car, but it was impossible to escape because the collision was inevitable. The front end of the truck struck appellant's car at the joinder of the left front fender with the running board, forcing the car to strike a street sign post and to overturn.

We cannot view this testimony even in the light most favorable to appellant without concluding that he was guilty of gross negligence which contributed directly to the happening of the accident. His own testimony forces this conclusion because he freely admitted that from a point 20 to 25 feet back from the curb of Sixth Avenue until he reached the center of the intersection, he did not look at all at the approaching truck which he knew was there. This was a grievous error on his part and directly caused this accident. Even if appellant had the right of way at the intersection as he claims, he should not have gone forward and entered the crossing blindly and without performing his duty to look and continue to look for approaching traffic, of which he had full knowledge: *Shapiro v. Grabosky*, 320 Pa. 556, 184 A. 83. "An automobile driver does not do his whole duty, when about to cross another highway, by taking one look and then moving forward. He must continue to look while crossing, and a failure so to do is contributory negligence": *Riley v. McNaugher*, 318 Pa. 217, 178 A. 6. Furthermore, under such circumstances, he must keep his car under control in order that he can stop at any moment and avoid a collision: *Lehner v. Schellhase*, 341 Pa. 260, 19 A. 2d 91.

It is clear that appellant failed to use due care under the circumstances, and the consequences must be visited on him, even though appellee's driver was also negligent. While it is true that a driver is not required to anticipate the negligence of another, nevertheless, it is equally correct that it is as much his duty to use due care to avoid an accident if the driver of the other car is negligent, as it is if the other driver was not negligent: *Williams v. Phila. T. & Laundry Co.*, 150 Pa. Superior Ct. 643, 29

A. 2d 336.  See Blashfield Cyclopedia of Automobile Law and Practice, Vol. 4 §2731, p. 478.

Appellant contends that the learned trial judge erred in his charge as to contributory negligence and for that reason a new trial should be granted.  We have carefully examined the charge of the court and can find no such error.  However, if there were some doubt about this, the result would be the same, since the record shows clearly that appellant was negligent as a matter of law, because of which binding instructions should have been given for the appellee.

Judgment affirmed.