Samuel W. MOORE, Plaintiff,

v.

John SMITH, Defendant,

v.

OTTUS CONSTRUCTION EQUIPMENT COMPANY and James Pfadt, Third Party Defendant.

Civ. A. No. 931 Erie.

United States District Court
W. D. Pennsylvania.

Nov. 21, 1963.

William H. Higgins, Erie, Pa., for plaintiff.

Bernard Quinn, Erie, Pa., for defendant.

John Britton, Erie, Pa., for the third party defendant.

WILLSON, District Judge.

This diversity civil action was tried to a jury at Erie. The verdict was for the defendant, John Smith. Plaintiff Samuel W. Moore seeks a new trial.

At the trial the evidence disclosed the following facts: Pennsylvania Highway Route 19 North and South intersects Pennsylvania Highway Route, U. S., 6N at an intersection controlled by a traffic light. Plaintiff Moore was a passenger in a certain truck owned by one Stephen Sutto Erection Co., Inc., and operated by its driver James G. Pfadt. The truck was going north on Route 19. Defendant Smith was operating his automobile east on Route 6N. A violent collision took place between the two vehicles with the impact occurring almost under the traffic light. Plaintiff and his driver, as well as other witnesses contended that the truck had the green light and that the Smith car came through the red light striking the left side of the truck, both vehicles careening northward with the truck overturning, resulting in injuries to the plaintiff. On the other hand, there was credible testimony by persons who appeared disinterested that the truck driver ran through the red light which in turn was green for the defendant Smith. There was thus presented a jury issue.

Plaintiff presented several points for charge to the jury, all of which were refused because the points presented simply requested matters in which the Court routinely charges a jury in a motor vehicle negligence case. For instance, point 5a, which was refused, read:

"Failure of the defendant Smith to look to the right and to the left prior to entering the intersection is negligence per se."

After the charge was given counsel for the plaintiff made a further request:

"MR. HIGGINS: I may not have understood your charge, your Honor, but I would like the charge with respect to the testimony of the defendant Smith that if the jury's recollection is that Smith testified he did not look to the right or to the left, that it is negligence per se on his part and they must find him liable."

In the charge to the jury it is believed that the general duty of a motorist at an intersection was covered, including the statement to the jury that a motorist entering a controlled intersection is nevertheless required to be vigilant and to observe traffic entering the intersection from other directions. The point to the matter is, however, whether when a defendant admits that he has not looked to the right or to the left while entering an intersection, but there is ample evi-

dence by other witnesses, including the defendant, that his traffic light, nevertheless, was green and that the oncoming vehicle came through a red light, is such a defendant liable as a matter of law? I think not. It is recognized that to create liability negligence must be the proximate cause of the collision. That issue was left to the jury in the instant case. The additional point, as presented, was only half the story, so to speak.

The charge was, of course, given after counsel had made their summations. In each summation counsel strongly contended that the position of the light controlled the jury's verdict. Plaintiff contended that defendant Smith simply ran the red light. Had Smith been a plaintiff, his failure to look in either direction would have convicted him of contributory negligence as a matter of law. I do not mean to infer that his failure to look might not also have created liability against him in this case. It is believed, however, that the jury was correctly instructed on the point. It was carefully pointed out that violation of the duty of care at an intersection may be found to be negligence by a jury. It was further pointed out that failure to abide by the various traffic regulations as set forth in the Motor Vehicle Code amounted to negligence per se, but such violations do not create liability unless they were the proximate cause of the accident.

The facts in this case will illustrate how important a part proximate cause plays in fixing liability. As plaintiff was a passenger in the truck, the case might have been presented on the theory that both drivers were negligent which of course would make defendant liable to plaintiff who was a guest passenger. However, plaintiff did not rely on any such theory as to liability but directed his evidence to the proposition that the light was green for the truck and red for Smith. But the jury, under all the evidence, it seemed to the Court, might very well have found and no doubt did find, that the light for the truck was red and that the running of the red light by the truck driver was the proximate cause of the accident regardless of whether or not Smith failed to look to his right or left before entering the intersection on a green light.

The jury may also have found that defendant's view was obstructed by a bank of earth and foliage to his right and, therefore, he would have been unable to see the truck regardless of whether he looked to the right or left. Thus the jury may have determined that the defendant's failure to look both ways as he entered the intersection was not the proximate cause of the collision.

■■ Counsel for the plaintiff has submitted several cases, among them Girard Trust Corn Exchange Bank v. Philadelphia Transportation Company, 410 Pa. 530, 190 A.2d 293, 1963; Ratcliff v. Myers, 382 Pa. 196, 113 A.2d 558, 1955; Lewis v. Quinn, 376 Pa. 109, 101 A.2d 382, 1954; and Jaski v. West Park Daily Cleaners & Dyers, Inc., 334 Pa. 12, 5 A.2d 105, 1939, which he says require a new trial because as trial judge I denied the request made at the end of the charge. It is believed that this position is not supported by the Pennsylvania appellate decisions. In the first place, whether Smith looked or not was a subjective matter. No one else testified on that subject. It is axiomatic that oral testimony is for the jury to reconcile. Chief Justice Bell in Karcesky v. Laria, 382 Pa. 227, 114 A.2d 150, 154, 1955, held as follows:

> "Moreover, it is important to remember that neither a jury nor a judge who sees and hears the witnesses have to believe everything or indeed anything that a plaintiff (or a defendant) or his doctor, or his other witnesses say, even though their testimony is uncontradicted."

Keeping in mind that the principle of proximate cause is legally as important as the principle of negligence, the situation is one in which the whole issue was one for the resolution of the jury. Under all the evidence presented in this case the additional point presented was

incorrect. It would have permitted the jury to find liability based on negligence only.

Therefore, the motion for new trial is refused.