456 A.2d 1000

Henry SPRAGGINS, Gwendolyn Spraggins, Eddy L. Hooper, Barbara Hooper and Sharon Stephens

v.

Richard J. SHIELDS and John Shields and Eleanor Shields.

**Appeal of Richard J. SHIELDS.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1982.

Filed Jan. 7, 1983.

Reargument Denied March 21, 1983.

Petition for Allowance of Appeal Denied Sept. 26, 1983.

James M. Marsh, Philadelphia, for appellant.

Allen L. Feingold, Philadelphia, for appellees.

Before ROWLEY, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting judgment n.o.v. for appellees. We agree and, accordingly, reverse and reinstate the jury's verdict.

On May 3, 1975, a vehicle operated by appellee-Hooper collided with appellant's vehicle, resulting in injury to Hooper's two passengers, appellees Spraggins and Stephens. Spraggins and Stephens sued both drivers and, in addition, Hooper sued appellant, who cross-claimed for property damages. At trial, the lower court granted appellant's motion for a directed verdict against Hooper, whereupon appellant withdrew his counter-claim against Hooper. The jury then determined that Hooper was negligent and appellant was

not, and awarded a total of $35,000 to Stephens and Spraggins. After the jury rendered its verdict, the lower court granted judgment n.o.v. against appellant, prompting his appeal.

Appellant contends that the lower court erred in basing its judgment n.o.v. on appellant's failure to look left as he entered the intersection. "The rendering of a judgment n.o.v. is a drastic act because it overturns the findings of a jury, the fact-finding tribunal in our procedure. Judgment n.o.v. should be entered only when the facts are such that no two reasonable persons could fail to agree that the verdict was improper." *Cummings v. Nazareth Borough*, 427 Pa. 14, 25–26, 233 A.2d 874, 881 (1967). "It is well settled that a judgment n.o.v. will be entered only in a clear case and that any doubts will be resolved in favor of the verdict." *Stewart v. Chernicky*, 439 Pa. 43, 53, 266 A.2d 259, 265 (1970) (citations omitted).

Viewing the facts in the light most favorable to the verdict winner, they are as follows: At approximately seven o'clock in the morning of May 3; 1975, Hooper's automobile struck appellant's at the intersection of Routes 1 and 322 in Concord, Pennsylvania. Appellant testified that he was stopped behind a fire engine at a red light on Route 322 when he noticed Hooper's vehicle to the left, traveling down a slight grade on Route 1. While waiting for the light to change, appellant again noticed Hooper's vehicle. When the light turned green, appellant followed the fire engine slowly through the intersection and as he was part way through, looked to the left again and saw Hooper's vehicle continuing toward him. Appellant realized it was too late to avoid the collision and moved toward his passenger to avoid injury. Spraggins testified that as Hooper's car approached the intersection from the top of a slight grade, the car slowed down, from about 35 to 30 miles per hour, as Hooper eased up on the gas. (N.T. June 30, 1981 at 36). Numerous references in the record indicate that at the time of the collision, appellant had a green light and Hooper, a red light.

■ Generally, negligence is a question to be submitted to the jury upon proper instruction. The court shall not remove the question from its determination unless the facts leave no room for doubt. *Cf. Correll v. Werner*, 293 Pa.Superior Ct. 88, 437 A.2d 1004 (1981) (lower court reversed for failing to submit question of contributory negligence to the jury.) *See generally Rasmussen v. Dresnin*, 382 Pa. 51, 55–56, 114 A.2d 182, 184 (1955) (although plaintiff may have entered a dangerous zone because defendant went through red light, "it would distinctly be a matter for the jury to determine whether such possible danger came within the cautionary purview of a reasonably prudent person."); *Hartman v. Gieraltowski*, 198 Pa.Superior Ct. 316, 181 A.2d 688 (1962) (denial of a new trial error where question of negligence taken away from the jury); *Highway Express Lines, Inc. v. General Baking Co.*, 190 Pa.Superior Ct. 597, 155 A.2d 450 (1958) (question of negligence of driver of skidding car for the jury).

■ Specifically, the question of when a driver is negligent for failing to look upon entering an intersection with the light in his favor, requires a determination by the jury of the reasonableness of his actions.* *Zumbo v. Ellis*, 232 Pa.Superior Ct. 566, 568, 334 A.2d 770, 771 (1975) ("an operator of a vehicle at a controlled intersection is not negligent as a matter of law, if absent any warnings to the contrary, he relies on another operator's obligation to ob-

---

* Although earlier cases required a driver to look at the time he entered a controlled intersection, *Smith v. United News Co.*, 413 Pa. 243, 247, 196 A.2d 302, 305 (1964) ("a motorist who has the green light must observe the conditions at the intersection *at the time he enters it* to be reasonably assured that his journey will be safe."); *Smith v. Philadelphia Transportation Co.*, 202 Pa.Superior Ct. 278, 195 A.2d 168 (1963) (additional defendant entered intersection relying on light, without looking, held negligent as a matter of law), later cases have allowed jury determinations of negligence and contributory negligence to stand, thereby implicitly holding drivers to a reasonable standard of care appropriate to the circumstances. *See Andrews v. Long*, 425 Pa. 152, 154, 228 A.2d 760, 761 (1967) (judgment n.o.v. not justified—driver saw truck 80 feet away with a red light as he stood about 15 feet from the intersection, "there was nothing to tell him that the truck driver would defy the traffic warnings, ignore the law of the road, and proceed headlong into obvious danger.")

serve traffic controls."); *Jones v. Williams*, 358 Pa. 559, 564, 58 A.2d 57, 60 (1948) ("the assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's law-abidingness is misplaced.")  The lower court properly instructed the jury that the question of appellant's negligence was for them. The jury reasonably concluded that appellant demonstrated reasonable care in looking at the intersection while stopped and in anticipating that Hooper's car would continue to slow down and then stop completely at the red light.  Further, appellant was following the fire engine, which had no problem crossing the intersection.

The lower court, in usurping the jury's function, contradicted its own instructions and the law of the Commonwealth.  The jury heard sufficient evidence to support appellant's reasonable reliance on Hooper's stopping at the red light.  Its decision should not be disturbed.  Accordingly, we reverse the lower court and reinstate the jury's original verdict.

Reversed.