

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2003

# Schwering v. Klemmer

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2212

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Schwering v. Klemmer" (2003). *2003 Decisions.* Paper 95.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/95

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 02-2212

———————

PATRICIA SCHWERING,

Appellant

v.

JOSEPH M. KLEMMER;
UNITED STATES DEPARTMENT OF DEFENSE;
SAMUEL TACNETTA;
UNITED STATES OF AMERICA

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 98-cv-01036)
District Court: Hon. William H. Yohn, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2003

Before: McKEE and SMITH, Circuit Judges,
and HOCHBERG, District Judge.[*]

(Filed: November 25, 2003)

———————

OPINION

———————

---

[*] The Honorable Faith S. Hochberg, District Judge, District of New Jersey, sitting by
designation.

McKEE, <u>Circuit Judge</u>.

We are asked to review the Magistrate Judge's order granting judgment in favor of the government and against plaintiff in this action for negligence under the Federal Tort Claims Act. For the reasons that follow, we will affirm.

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this case except insofar as may be helpful to our brief discussion. Patricia Schwering was a passenger in a car driven by defendant, Samuel Tacnetta,[1] when that car collided with a car driven by Joseph Klemmer in an intersection in Philadelphia. Tacnetta, who did not have a driver's license, was proceeding southbound against a red light when he entered the intersection where the collision took place. Klemmer was proceeding eastbound into the intersection with a green light.

Klemmer had been in the far right lane before entering the intersection. A white pick-up truck that obstructed his view of southbound traffic was on his left. He and the truck waited approximately three to five seconds after the traffic light turned green before entering the intersection. Once traffic ceased, Klemmer proceeded into the intersection behind the truck. While in the intersection, Tacnetta's car collided with the driver's side of Klemmer's car.

At the time of the accident, Klemmer was acting within the scope of his

_____

[1]Although Schwering named Tacnetta as a defendant, he never appeared during the litigation.

employment as a federal employee with the Defense Criminal Investigative Service. Accordingly, Schwering sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and the case was referred to a Magistrate Judge for a bench trial. The Magistrate Judge entered judgment in favor of defendant Klemmer and the government and against Schwering. Thereafter, Schwering moved for judgment as a matter of law. The court denied that motion, and Schwering appealed.[2]

## II.

Schwering argues that the Magistrate Judge misapplied Pennsylvania law[3] regarding motorists' responsibility when approaching intersections. She argues that Klemmer, the government's agent, was negligent because he did not exercise the degree of care that Pennsylvania law requires of a driver approaching an intersection. She first argues that the facts establish that Klemmer did not look both left and right before entering the intersection. *See Lewis v. Quinn*, 101 A.2d 382 (Pa. 1954) and *Moore v. Smith*, 343 F.2d 206 (3d Cir. 1965). She also claims that Klemmer did not continue to observe conditions while entering the intersection, as required under Pennsylvania law. *See Smith v. United News Co.*, 196 A.2d 302 (Pa. 1964). She also argues further that Klemmer disregarded the notice he had that another driver was violating traffic laws, and

---

[2]  We exercise plenary review over a district court's grant or denial of judgment as a matter of law. *Shades v. Great Lakes Dredge & Dock Co.*, 154 F.3d 143, 149 (3d Cir. 1998).

[3]  There is no dispute that Pennsylvania state law governs this case. *See* 28 U.S.C. § 1346(b).

that Klemmer failed to drive with enough control to stop at any moment to avoid a collision. *See Jones v. Williams*, 58 A.2d 57 (1948) and *Heimburger v. Gundy*, 34 A.2d 489 (Pa. 1943).

The Magistrate Judge understood that drivers cannot blindly rely on a traffic signal and that they retain a duty to exercise a high degree of care in entering the intersection. *See Lewis*, 101 A.2d at 384; *Moore*, 343 F.2d at 209. The court also correctly stated that a motorist must remain vigilant in an intersection. *Rasmussen v. Dresnin,* 114 A.2d 182, 184 (Pa. 1955). The court applied this law to its factual finding that Klemmer waited for traffic to clear at the intersection after the light turned green, and inferred that he adequately examined the intersection before entering it.[4]

The court also correctly stated an aspect of Pennsylvania law that plaintiff ignores; a driver entering an intersection on a green light is not held to the same standard as a driver who enters an uncontrolled intersection. *See United News Co.*, 196 A.2d at 305. A driver under the former circumstance has a decreased responsibility to continuously observe conditions in the intersection. ("[F]irst because he has a right to assume traffic on the intersecting street will stop for the red light and secondly because he must divide his attention between approaching traffic and the light." *Id.* at 305-06 (citations omitted); *Nolan v. Sullivan*, 372 F.2d 776 (3d Cir. 1966).[5] The court correctly applied this law to

---

[4] This is reflected in the fourth, sixth and seventh conclusions of law in the court's April 9, 2002 decision.

[5] Many of the cases plaintiff cites – *Lehner v. Schellhase*, 19 A.2d 91 (Pa. 1941), *Jaski v. West Park Cleaners*, 5 A.2d 105 (Pa. 1939), *Shapiro v. Grabosky*, 184 A. 83 (Pa.

its factual findings, and concluded that Klemmer's surveillance of the intersection before entering on a green light was sufficient to meet this standard.[6]

Schwering also claims that Klemmer should have anticipated that a driver may "run" a red light and enter the intersection even though Klemmer had a green light. *See Jones v. Williams*. 58 A.2d 57, 60 (1948) (A driver's "assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's lawabidingness is misplaced."); *see also Spraggins v. Shields*, 456 A.2d 1000 (Pa. Super. 1983). However, the Magistrate Judge found that the white truck to the left of Klemmer blocked his view. R. 11A. This precluded Klemmer from knowing that Tacnetta was about to illegally enter the intersection, and negated the notice required under *Jones*. The law gives Klemmer the right to assume that opposing traffic would stop at the red light, even though it does not

---

1936), *Riley v. McNaugher*, 178 A. 6 (Pa. 1935), *Helfrich v. Brown,* 249 A.2d 778 (Pa. Super. 1968), *Spear & Co. v. Altmyer*, 187 A. 309 (Pa. Super. 1936) – are distinguishable because they discuss the higher standard of care for drivers entering intersections without traffic lights. Another case cited, *Perpetua v. Philadelphia Transport Co.*, 112 A.2d 337, 338 (Pa. 1955), did involve a traffic light but was essentially overruled in *Koehler v. Schwartz*, 115 A.2d 155, 156 (Pa. 1955) and *Andrews v. Long*, 228 A.2d 760, 762 (Pa. 1967).

> The law recognizes the extent and limitations of a normal man's vision. He cannot simultaneously look in four different directions. Having exercised the care of a reasonably prudent person he cannot be held accountable for the actions of a motorist who deliberately flouts the warning of a red light and drives ahead in utter disregard of the rights of others lawfully and properly within an intersection.

*Koehler*, 115 A.2d at 156 (quoted in *Andrews* at 762).

[6] Schwering does not challenge the trial court's findings of fact.

absolve him of responsibility for examining the intersection before entering.[7]

Schwering's last argument is also unavailing. She argues that Klemmer was negligent pursuant to *Heimburger v. Gundy,* 34 A.2d 490 (1943). The holding of *Heimburger* is consistent with cases we have already discussed. *Heimburger* merely holds that a driver may not enter an intersection blindly and without caution. Moreover, *Heimburger* did not involve an intersection controlled by traffic lights, and we have already explained that Klemmer owed the lesser duty that applies where traffic lights are present.

We thus conclude that the court correctly applied the relevant law in this case, and that it properly denied the plaintiff's motion for judgment as a matter of law.

**III.**

For all of the above reasons, we will affirm the district court's judgment of sentence and conviction.

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Theodore A. McKee, Circuit Judge

---

[7] Contrary to Schwering's suggestion, Klemmer was not obligated to "inch out past the... truck so he could obtain an unobstructed view" of the southbound traffic before crossing with a green light. This would create a risk of rear-end collisions.