**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Craig T. RUSSELL, Appellant**

Superior Court of Pennsylvania.

Submitted Aug. 6, 2001.
Filed Sept. 21, 2001.

Michael D. Suders, Mifflinburg, for appellant.

David P. Johnson, Asst. Dist. Atty., Lewisburg, for Commonwealth, appellee.

Before: STEVENS, MUSMANNO and TAMILIA, JJ.

TAMILIA, J.

¶ 1 Craig T. Russell appeals from the judgment of sentence of a fine in the amount of $100 plus court costs imposed March 2, 2001 following his conviction of passing a school bus in violation of 75 Pa.C.S.A. § 3345, **Meeting or overtaking a school bus.**[1] This appeal followed.

¶ 2 The facts are not in dispute. On the morning of December 18, 2000, appellant was driving north on State Route 15 in the right lane, at the same time a school bus was operating in the right southbound lane. The portion of Route 15 on which appellant was traveling is a four-lane highway divided by a set of two painted double yellow lines spaced approximately three feet apart. There is no physical barrier dividing the northbound and southbound lanes of this portion of the highway.

¶ 3 Although the school bus had stopped and activated its red signal lights and the side stop signal arms as required by 75 Pa.C.S.A. § 4552, **General requirements for school buses,** (b.1) **Use of side stop signal arms,** appellant proceeded past the school bus without stopping. Appellant avers the two sets of painted yellow lines made the highway a "separate roadway" thereby bringing the appellant within section 3345(g), **Exceptions from stopping requirements,** a statutory exception to section 3345 which states "[t]he driver of a vehicle upon a highway with separate roadways need not stop upon meeting or passing a school bus with actuated red lights which is on a different roadway." We disagree.

¶ 4 In this case of first impression we have only one issue to consider, whether the northbound and southbound lanes of State Route 15 are "separate roadways" as described in 75 Pa.C.S.A. § 3345(g). We hold they are not. The Pennsylvania Code in Chapter 104, **School Bus Loading Zones,** cross-references 75 Pa.C.S.A. § 3345 and establishes standards for school bus loading zones along highways. Section 104.2, **Definitions,** states:

> *Separate roadway*—One roadway of a highway divided into two or more roadways and so constructed as to impede vehicular traffic between the roadways by providing a physical barrier or a clearly indicated dividing section; pavement markings or singing divisors be-

---

1.

> (a) **Duty of approaching driver when red signals are flashing.**—Except as provided in subsection (g), the driver of a vehicle meeting or overtaking any school bus stopped on a highway or trafficway shall stop at least ten feet before reaching the school bus when the red signal lights on the school bus are flashing and the side stop signal arms are activated under section 4552(b.1) (relating to general requirements for school bus-

es). The driver shall not proceed until the flashing red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety. The driver of a vehicle approaching an intersection at which a school bus is stopped shall stop his vehicle at that intersection until the flashing red signal lights are no longer actuated.

tween the roadway may not be construed as creating separate roadways. 67 Pa.Code § 104.2.

¶ 5 The above facts indicate that the portion of State Route 15, where the appellant passed the stopped school bus, is divided merely by painted yellow lines. The definition above clearly eliminates painted lines as a divider between separate roadways. Common sense alone dictates this. The purpose of the statute is to protect school children from being struck or run over, injured or killed, by passing motorists. An exception has been carved out of the general rule where a physical barrier exists between the school children and oncoming traffic. The physical barrier, be it a cement wall or median, can afford children protection against passing motorists where mere painted lines cannot. Appellant's argument necessarily fails.

¶ 6 Judgment of sentence affirmed.