845 A.2d 759

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Kenneth C. SCHLEGEL, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 3, 2003.

Decided March 23, 2004.

Mark Carlyle Baldwin, Alisa Rebecca Hobart, Reading, Kelly S. Kline, for the Com. of PA, Appellant.

Joseph M.A. Nelabovige, Hamburg, for Kenneth C. Schlegel, Appellee.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

### OPINION

Justice SAYLOR.

In this appeal, we consider aspects of a motorist's obligations upon overtaking a stopped school bus.

The facts, taken in the light most favorable to the Commonwealth as verdict-winner, are as follows: On January 17, 2001, Appellee, Kenneth C. Schlegel, was driving a commercial fuel truck eastbound on State Street, a two-lane roadway divided by a double-yellow line, in the Borough of Hamburg, Berks County. He approached a stationary mini school bus, which was positioned in the center of the eastbound lane of traffic, with its flashing, amber signal lamps activated. Appellee paused directly behind the bus for several seconds, then proceeded to cross the double-yellow line, traveling around the bus in the opposing lane of traffic. By the time that the cab of

Appellee's truck came even with the bus's rear axle, the bus driver had activated the flashing red signal lamps and extended the stop signal arm located at the front, side of the bus. Appellee, however, continued to pass and was then stopped by a municipal police officer and a State Police trooper, both of whom witnessed his conduct. The trooper cited Appellee for violating Section 3345 of the Vehicle Code, entitled, "Meeting or overtaking school bus," which provides, in relevant part, as follows:

**(a) Duty of approaching driver when red signals are flashing.**— . . . [T]he driver of a vehicle meeting or over-taking any school bus stopped on a highway or trafficway shall stop at least ten feet before reaching the school bus when the red signal lights on the school bus are flashing and the side stop signal arms are activated under section 4552(b.1) (relating to general requirements for school buses). The driver shall not proceed until the flashing red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety. . . .

75 Pa.C.S. § 3345(a) (highlighting in original); *see also* 75 Pa.C.S. § 3345(j) (specifying that a violation of Section 3345(a) constitutes a summary offense).

Appellee pled not guilty, and a hearing ensued before a district justice, at which time Appellee was found to have committed the violation. Appellee filed a notice of appeal in the common pleas court, which conducted a *de novo* hearing, where the bus driver, the two police officers, and Appellee testified. In his testimony, Appellee explained his under-standing that Berks County Intermediate Unit (to which the bus was assigned) had a policy that bus drivers were to wait up to three minutes outside a child's home, and that such policy contemplates that the bus drivers should "let the traffic flow." Appellee further related his perspective that a motorist must stop on overtaking a school bus with red lights activated, but suggested that a bus driver's failure to activate the red

lamps immediately on stopping as required by statute,[1] presents motorists with a conundrum and opens a permissible avenue for passing. Additionally, he indicated that, given the configuration of his truck, he was unable to see the bus's stop signal arm once he had maneuvered into the opposing lane of traffic.

The common pleas court rejected Appellee's theory and testimony to the extent that it was inconsistent with that presented by the Commonwealth and entered a verdict against him.

On further appeal, the Superior Court reversed in a divided, memorandum opinion. *See Commonwealth v. Schlegel,* No. 1266 MDA 2001, 2002 WL 31507023 (Pa.Super.2002). In its examination of Section 3345(a), the majority placed particular emphasis on the directive to motorists to stop at least ten feet from school busses on encountering the red signals. The majority found the Commonwealth's evidence failed to establish that Appellee was ever in a position to comply with such requirement, since he was confronted with flashing amber, and not red, lamps until after he had maneuvered the fuel truck within the statutorily prescribed, ten-foot zone. In such situation, the court observed that the General Assembly has otherwise directed that drivers should proceed past stopped school buses, subject only to the proviso that they must proceed with caution and be prepared to stop. *See* 75 Pa.C.S. § 3345(b) (**"Duty of approaching driver when amber signals are flashing.**—The driver of a vehicle meeting or overtaking any school bus shall proceed past the school bus with caution and shall be prepared to stop when the amber signal lights are flashing." (highlighting in original)). The majority acknowledged that the purpose of the statute is to protect school children from being injured or killed by passing motorists, *see*

---

1. *See* 75 Pa.C.S. § 3345(c) (**Use of red signals.**—"The red visual signals shall be actuated by the driver of every school bus whenever the vehicle is stopped on a highway or trafficway for the purpose of receiving or discharging school children[.]" (highlighting in original)); *see also* 75 Pa.C.S. § 3345(d) (**Use of amber signals.**—... "Amber signals shall not be used unless the red visual signals are to be actuated immediately following." (highlighting in original)).

*generally Commonwealth v. Russell*, 784 A.2d 165, 167 (Pa.Super.2001), *appeal denied*, 568 Pa. 698, 796 A.2d 981 (2002), but found that implementation of the Commonwealth's interpretation would yield untenable results. *See Schlegel*, No. 1266 MDA 2001, 2002 WL 31507023, *slip op.* at 6 ("A driver who legitimately wishes to proceed around a school bus in accordance with Section 3345(b), could never be certain that he was exercising the requisite caution as the driver of the bus might activate the red signal lights at any point in time, potentially placing him in technical non-compliance with Section 3345(a) and forcing him to stop in an unsafe manner."). Therefore, the majority concluded that the Legislature intended Section 3345(b) to permit drivers to proceed past school busses with caution when the amber signals are flashing, and to complete such passes, even where a bus driver subsequently activates the red signals and stop signal arm, so long as the motorist can do so safely and without endangering children approaching or leaving the area of the bus. This majority considered this approach to be analogous to the treatment of light signals found elsewhere in the Vehicle Code.[2] Finally, the majority faulted the bus driver for failing to observe proper caution in activating her flashing red signals, indicating that she had a duty to look behind and to the side of the bus to determine that any vehicles lawfully proceeding pursuant to Section 3345(b) had completed their pass before engaging the red signals and stop arm.

**2.** The majority explained:

> Under Section 3112 of the Vehicle Code, a steady yellow light at an intersection is a warning that the related green indication is being terminated or that a red indication will be exhibited immediately thereafter, whereas a steady red signal indicates that the vehicle shall stop at the stop line or before entering the crosswalk or the intersection, and remain stopped until receiving an indication to proceed. 75 Pa.C.S. § 3112(a)(2), (a)(3). Similarly, drivers approaching an intersection with a flashing red signal are obliged to stop before proceeding into the intersection, whereas those approaching a flashing yellow signal may proceed without stopping with caution. 75 Pa.C.S. § 3114(a)(1), (a)(2); *see Allega v. Eastern Motor Express Co.*, 378 Pa. 1, 105 A.2d 360 (1954).
>
> *Schlegel*, No. 1266 MDA 2001, *slip op.* at 7–8, 2002 WL 31507023 (footnote omitted).

The dissent, authored by President Judge Del Sole, interpreted Section 3345 as permitting motorists to cautiously pass a moving (as opposed to stopped) school bus when its amber lights are flashing, but concluded that the statute prohibits oncoming or overtaking operators from passing a stopped school bus with flashing lights (amber or red) activated.

Presently, the Commonwealth argues that Section 3345 makes it readily discernable that, once a school bus stops, vehicles that are behind it may not lawfully pass as the bus's signal lights progress from amber to red, particularly since this would jeopardize the safety of children entering or exiting the bus. To the extent that a vehicle may lawfully proceed to pass a school bus, the Commonwealth maintains that the operator must stop when the lights turn red and the stop signal arm is extended, even if the motor vehicle is within the statutorily prescribed range of ten feet, again in the interest of child safety. To the degree that Section 3345(b) is implicated (which dictates that when a vehicle passes a school bus the motorist must do so with caution and be prepared to stop), the Commonwealth notes that in the present case Appellee did not, in fact, proceed with caution and was not prepared to stop, because he assumed a position from which he was unable to see the school bus's stop signal arm and, presumably, any child that might have been in the vicinity.[3]

Appellee advances the position of the Superior Court majority, highlighting the Commonwealth's failure to establish that he was confronted with the red signal at any point in time during which he would have been able to stop at least ten feet from the school bus. At oral argument, Appellee's counsel complained that school bus drivers improperly use the specialized flashing amber lamps in the manner of ordinary emergency flashing lights, creating untenable difficulties for motorists.

Certainly, in common experience, school bus drivers transporting children at times disregard the statutorily prescribed

---

3. The Commonwealth also contends that the Superior Court inappropriately invaded the fact-finding province of the common pleas court. We view the issue presented, however, as a legal one, as to which the Superior Court's review, and ours, is plenary.

protocol of activating flashing red lamps immediately upon stopping for children to board or alight, and we recognize that this does, in fact, create difficulties for drivers. Appellee's situation, however, is not a troubling one, as the delay in the activation of the red lights here was merely a few seconds in length (even if Appellee's testimony would have been believed, the delay was, at most, fifteen seconds).

Just as certainly, a motorist within ten feet of a school bus at the time that its red lamps are activated cannot fully comply with Section 3345(a), as the statute requires the operator to maintain at least a ten-foot distance. This, however, does not absolve the motorist of the responsibility to stop when confronted with an extended, school bus stop signal arm. There are a finite number of other instances in law in which a regulatory directive is made so immediately and graphically apparent to citizens as when they are confronted with this explicit, visual mandate, issued for the obvious and critical purpose of shielding boarding and departing children from the danger presented by moving traffic. Moreover, Section 3345(b) affords no safe haven for a motor vehicle operator who heeds a flashing amber signal and stops the requisite distance behind a school bus, but nonetheless, within seconds elects on his own initiative to proceed past the bus. A motorist in such circumstances fails to exercise the due caution required by the Legislature, since the warning of the impending stop signal is too clear and immediate to permit renewed movement within such an abbreviated interval. This is particularly the case in situations, such as the present one, in which the motorist lacks a full and unobstructed view.

The order of the Superior Court is reversed, and the matter is remanded for consideration of any additional issues raised by Appellee in his initial appeal to the Superior Court.

Former Justice LAMB did not participate in the decision of this case.