J-S19035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSEPH VUKOV :
:
Appellant : No. 1374 MDA 2016

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-SA-0000183-2016

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 25, 2017**

Appellant Joseph Vukov appeals the judgment of sentence entered by

the Court of Common Pleas of York County after Appellant was convicted of

illegally passing a school bus in violation of 75 Pa.C.S. § 3345 ("Meeting or

Overtaking a School Bus"). Appellant claims there was insufficient evidence

to support his conviction and asserts that the trial court improperly admitted

his inculpatory statements in violation of the *corpus delicti* rule. We affirm.

The circumstances leading to Appellant's citation occurred on the

afternoon of March 3, 2016. At Appellant's summary appeal hearing, the

Commonwealth presented the testimony of Megan Stambaugh, a school bus

driver. On the day in question, Stambaugh was driving a school bus on

_____

[*] Former Justice specially assigned to the Superior Court.

Bitternut Road in York County. As Stambaugh pulled out onto Lewisberry Road, she noticed Appellant's Jeep coming around a bend on Lewisberry Road. Once Appellant drove up behind Stambaugh's bus, he followed her very closely until she reached her last stop. Even though Stambaugh had activated the bus's red signal lights and extended the stop sign to alert drivers that she was about to drop off a student, Appellant proceeded to drive around the bus. When questioned about the specific point at which Appellant drove around the bus, Stambaugh claimed Appellant had followed her closely when her amber lights were illuminated and began to drive around her bus when she activated the red lights.

Shortly after this incident, Stambaugh submitted a written report of the alleged violation to the Northern York County Regional Police pursuant to 75 Pa.C.S. § 3345(b). Once Officer Patrick McBreen received Stambaugh's report, he ran the registration plate of the Jeep, which he determined belonged to Appellant. After Officer McBreen contacted Appellant to further investigate the matter, Officer McBreen believed that there was a sufficient basis to cite Appellant for illegally passing the school bus and issued him a citation for a violation of Section 3345 of the Vehicle Code.

Appellant testified to his account of the events of March 3, 2016. Appellant admitted to becoming "frustrated" after Stambaugh's bus pulled out in front of his vehicle on Lewisberry Road. As Appellant noticed the bus was traveling slowly, he began to follow the bus very closely and looked for an opportunity to pass the bus. After observing no oncoming traffic,

Appellant decided to go around the bus; he asserted that he was already in the other lane and had begun to accelerate when he saw the bus's yellow lights begin to flash. Although Appellant knew that the bus was about to make a stop, he felt that he was committed to making the pass as he was already in the other lane. He conceded that he "had already made a bad decision… [and] decided to keep going." N.T. (Notes of Testimony), 8/3/16, at 22. Appellant denied ever seeing the bus's red signal lights or the stop sign arm extended.

At the conclusion of the hearing, the lower court convicted Appellant of Overtaking a School Bus. Appellant filed a timely appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

> Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Parks***, 768 A.2d 1168, 1171 (Pa.Super. 2001).

***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa.Super. 2002).

Appellant first challenges the sufficiency of the evidence supporting his conviction for Overtaking a School Bus under Section 3345 of the Vehicle Code, which provides in relevant part:

> **(a) Duty of approaching driver when red signals are flashing.--**Except as provided in subsection (g), the driver of a vehicle meeting or overtaking any school bus stopped on a

highway or trafficway shall stop at least ten feet before reaching the school bus when the red signal lights on the school bus are flashing and the side stop signal arms are activated under section 4552(b.1) (relating to general requirements for school buses). The driver shall not proceed until the flashing red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety. The driver of a vehicle approaching an intersection at which a school bus is stopped shall stop his vehicle at that intersection until the flashing red signal lights are no longer actuated.

\*\*\*

**(b) Duty of approaching driver when amber signals are flashing.--**The driver of a vehicle meeting or overtaking any school bus shall proceed past the school bus with caution and shall be prepared to stop when the amber signal lights are flashing.

75 Pa.C.S. § 3345.

In a similar case, **Commonwealth v. Schlegel**, 577 Pa. 321, 845 A.2d 759 (2004), a driver of a commercial fuel truck was cited with violating Section 3345 after he passed a stationary school bus that had activated its flashing amber lights on a two-lane roadway divided by a double-yellow line. As the cab of Appellant's truck came even with the bus's rear axle, the bus driver had illuminated its red signal lights and extended the stop sign arm. Despite seeing these signals, Appellant continued to pass the bus and was stopped by two police officers.

In upholding the defendant's conviction for overtaking a school bus under Section 3345, our Supreme Court provided the following analysis:

a motorist within ten feet of a school bus at the time that its red lamps are activated cannot fully comply with Section 3345(a), as the statute requires the operator to maintain at least a ten-foot distance. This, however, does not absolve the motorist of the

- 4 -

responsibility to stop when confronted with an extended, school bus stop signal arm. There are a finite number of other instances in law in which a regulatory directive is made so immediately and graphically apparent to citizens as when they are confronted with this explicit, visual mandate, issued for the obvious and critical purpose of shielding boarding and departing children from the danger presented by moving traffic. Moreover, Section 3345(b) affords no safe haven for a motor vehicle operator who heeds a flashing amber signal and stops the requisite distance behind a school bus, but nonetheless, within seconds elects on his own initiative to proceed past the bus. A motorist in such circumstances fails to exercise the due caution required by the Legislature, since the warning of the impending stop signal is too clear and immediate to permit renewed movement within such an abbreviated interval. This is particularly the case in situations, such as the present one, in which the motorist lacks a full and unobstructed view.

*Id*. at 327, 845 A.2d at 762.

Likewise, viewing the testimony in this case in the light most favorable to the Commonwealth as verdict winner, we find ample evidence that Appellant failed to exercise caution as required by Section 3345. Although neither party could estimate the distance between the vehicles at the point that the bus's signal lights were activated, Appellant admitted to following the school bus closely out of frustration. Stambaugh testified that she had activated her amber lights on Lewisberry Road as she needed to drop another student off. As Stambaugh approached the final stop, activated her red signal lights, and extended the stop sign arm, she observed that Appellant was just beginning to pass her bus. The trial court, as factfinder, was free to find Stambaugh's account to be credible. As a result, we conclude that there was sufficient evidence to support Appellant's conviction under Section 3345.

Appellant also asserts that the lower court erred in permitting the admission of his inculpatory statements in violation of the *corpus delicti* rule. Our standard of review for a challenge to the *corpus delicti* rule is well-settled.

> The *corpus delicti* rule is designed to guard against the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed. The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's **admission** of the accused's statements and the second step concerns the fact finder's **consideration** of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

***Commonwealth v. Hernandez***, 39 A.3d 406, 410–11 (Pa.Super. 2012) (citations omitted).

While Appellant cites the legal principles relevant to the *corpus delicti* rule, he fails to develop any analysis to support his claim. Appellant merely

states that "the Commonwealth failed to prove the corpus delicti of 75 Pa.C.S.A. 3345(a) as a result of the testimony of the bus driver to articulate whether the dark Jeep stopped at least 10 feet from the bus when the lights and arm were implemented." Appellant's Brief at 18. However, as emphasized above, the fact that Appellant could not fully comply with Section 3345(a)'s directive that motorists maintain a ten-foot distance from a bus that has activated its red lamps "does not absolve [Appellant] of the responsibility to stop when confronted with an extended, school bus stop signal arm." *Schlegel*, *supra*. Appellant was admittedly tailgating the bus as he was frustrated that he had to follow the slow moving vehicle. The Commonwealth presented evidence that even after Appellant had clear warning of the bus's impeding stop, he continued on to elect on his own initiative to proceed past the bus. Appellant has provided no support for his claim that the trial court violated the *corpus delicti* rule.

For the foregoing reasons, we affirm the judgment of sentence.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2017

- 7 -